DOROTHEA HAASE, Appellee, *vs.* JOHANNA HAASE *et al.*—
(HERMAN L. FRANKEL, Appellant.)

*Opinion filed December 17, 1913.*

PRACTICE—*intervention implies a suit pending.* An intervention implies a suit pending between parties in which another applies to be heard, and after a cause has been heard and determined between the parties and a final decree has been entered there can be no intervention by a third person, but the latter's rights, if any, must be enforced in an original proceeding.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

PETER SISSMAN, for appellant.

WILLIAM DANIEL JOHNSON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Dorothea Haase filed her bill for partition in the superior court of Cook county on October 3, 1912, alleging that John Haase, her husband, died on January 5, 1911, seized of certain real estate, leaving a will, which was admitted to probate, whereby he devised a life estate in such real estate to the complainant with power of sale, and leaving six sons and daughters, his only heirs. The bill refers to a copy of the will attached to the bill as an exhibit and made a part of it, but no such exhibit is attached to the bill. It is averred that complainant is seized of a life estate with the power of sale given her by the will, and each of the children of an undivided one-sixth in fee simple, subject to the life estate of the complainant and the power of sale given to and vested in her by the terms of the will. The tenants, the trustee under a trust deed on the premises, and the unknown owners of the notes secured by the trust deed, were made defendants. The tenants and trustee answered and their rights are not involved in this appeal. The sons and daughters answered confessing the allega-

tions of the bill. The cause was referred to a master, who took the evidence, which consisted of the testimony of the oldest son verifying the statements of the bill. The will was not introduced in evidence nor any evidence other than the son's testimony. The master reported his findings in accordance with the bill, and a decree of partition was entered on January 31, 1913. Commissioners appointed to make partition having reported that the premises were not susceptible of division, a decree of sale was rendered on February 5, 1913. The proceedings having thus been finally ended, Herman L. Frankel the next day entered a motion for leave to file an intervening petition to vacate the decree of sale and interlocutory orders and for leave to intervene as a defendant. The hearing of the motion was continued until February 10, when Frankel presented his petition, the motion was argued and its decision postponed until February 14, the counsel of the respective parties being requested in the meantime to file briefs. Briefs were presented on both sides, the court denied the motion, and Frankel was allowed an appeal to this court, a freehold being involved. *Rhodes* v. *Rhodes*, 172 Ill. 187; *Piper* v. *Piper*, 231 id. 75.

The petition sets forth a written agreement, dated June 13, 1912, between Mrs. Haase and Frankel, by which the former agreed to sell to the latter the premises involved in the partition suit for $19,350, and averred that she represented to the petitioner that she had sole power to sell and convey a fee simple title to the premises under the will of John Haase, but upon an examination of the abstract of title it was ascertained that there was some doubt as to the construction of the will, and it was thereupon agreed on September 18, 1912, that the time within which Mrs. Haase should be required to cure defects in the title should be extended to December 31; that the petitioner supposed the suit by Mrs. Haase was a proceeding to construe the will of John Haase and did not learn that it was a partition suit until December 20, 1912, and that he then had his

agreement for the purchase of the premises recorded and had instructed his solicitor to take all proper steps to enforce such agreement. The prayer, in addition to the vacation of the decree of sale and interlocutory orders and leave to intervene and become a defendant, is for a construction of the will of John Haase and a specific performance of the agreement of Dorothea Haase.

The original bill was for a partition. The appellant claimed to have purchased the premises and to have the right to have the title conveyed to him. If he had been a defendant and his claims well founded they would have constituted a defense to the partition suit. He might properly have been admitted as a defendant upon a sufficient showing made in apt time. He knew on December 20, 1912, that the pending suit was not a suit to obtain a construction of the will of John Haase but was a bill for the partition of real estate among his widow and heirs. At that time the master had made no report, no evidence had been taken and none was taken until over a month later. The appellant did not choose to intervene at that time and become a party to the proceedings but let them go on without objection for six weeks longer, when a final decree was entered in the cause. It was only after the entry of the decree of sale that he asked to intervene, and it was then too late. There was no longer any cause in which to intervene. It was ended. An intervention implies a suit pending between parties in which another applies to be heard. After a cause has been heard and determined between the parties there can be no intervention by a third person. Whatever rights another may then have in the subject matter of the controversy must be enforced by an original proceeding. That course is still open to the appellant.

The order denying the motion to vacate the order of sale and permit the appellant to intervene was right, and it is affirmed.        *Order affirmed.*