THE PEOPLE ex rel. Patrick J. Carr, County Collector, Appellant, vs. THE CHICAGO HEIGHTS TERMINAL TRANSFER RAILWAY COMPANY, Appellee.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. TAXES—*power to issue bonds is strictly statutory.* Local governmental subdivisions of the State have no inherent power to issue bonds, and if any grant of power to issue bonds is made by the legislature to such bodies they must be able to show their authority for the exercise of the power in the words of the grant, which are strictly construed, all doubt being resolved in favor of the tax-payer, and the exercise of the power must strictly follow the statutory requirements.

2. SAME—*when ordinance of forest preserve district must show that bonds were issued for acquiring lands.* To authorize a bond issue by the Forest Preserve District of Cook county without submitting the same to a vote of the people the ordinance must specify that the indebtedness is for the purpose of acquiring lands for the use of the district, and it is not sufficient that the ordinance recite that the bonds are issued "for the purpose of creating and managing" the district.

APPEAL from the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, (HAYDEN N. BELL, ADOLPH D. WEINER, WOOD & OAKLEY, WILLIAM J. GRACE, and W. W. DEARMAND, of counsel,) for appellant.

BRUNDAGE, LANDON, HOLT & BOORD, (ROBERT N. HOLT, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Forest Preserve District of Cook county issued bonds of the district known as series "J," pursuant to an ordinance passed July 2, 1923. In 1924 a tax was levied for the payment of the interest on these bonds. Appellee

refused to pay the tax on the ground that the bonds were illegally issued, the tax was returned delinquent, and the county collector made application for judgment against its lands. Judgment was denied, and this appeal followed.

Section 13 of an act providing for the creation and management of forest preserve districts provides: "The board of commissioners of any forest preserve district, organized hereunder, shall have power to raise money by general taxation, for any of the purposes enumerated in this act, and power to borrow money upon the faith and credit of such district, and to issue bonds therefor. * * * No such district shall incur indebtedness for any purpose other than the acquisition of land unless the proposition to issue bonds or otherwise incur such indebtedness shall have been first submitted to the legal voters of such district at a general election or at any special election called for such purpose. * * * Before or at the time of issuing bonds, the board of commissioners shall provide by ordinance for the collection of an annual tax sufficient to pay the interest on such bonds as it falls due, and to pay such bonds as they mature." (Smith's Stat. 1925, p. 1396.) The ordinance provided that the bonds of series "J" were to be issued "for the purpose of creating and managing the Forest Preserve District of Cook county."

It is conceded that the district is a legally existing and functioning public corporation of this State; that it has power to acquire lands by purchase, to borrow money and to issue bonds therefor; that it issued the bonds in question and received for them a valuable consideration. Local governmental subdivisions of the State have no inherent power to issue bonds, (*Merchants Loan and Trust Co.* v. *City of Chicago,* 264 Ill. 76; *Hewitt* v. *Board of Education,* 94 id. 528; *County of Hardin* v. *McFarlan,* 82 id. 138; 1 Dillon on Mun. Corp. sec. 287;) and if any grant of power to issue bonds is made by the legislature to such bodies they must be able to show their authority for the exercise of the

power in the words of the grant, which are strictly con-strued. (*People* v. *Lake Erie and Western Railroad Co.* 248 Ill. 32; 1 Cooley on Taxation, sec. 83.) Where there is any doubt regarding such power to issue bonds the doubt must be resolved in favor of the tax-payer. (*State* v. *Moore,* 45 Neb. 12, 63 N. W. 130; 5 McQuillin on Mun. Corp. sec. 2279.) A bond issue is preceded by certain proceedings, and all essential statutory requirements must be observed in substance. If an ordinance is necessary, bonds issued with-out such an ordinance are void, and if a vote of the people is necessary, obviously bonds cannot be issued without com-plying with the provision of the statute requiring a submis-sion of the bond issue to a vote. What was done by the municipal authorities with the proceeds of the bond issue can have no bearing on the determination of the question of the validity of the issue. To authorize a bond issue without submitting the same to a vote of the people of the district it was necessary that the ordinance authorizing the issue specify that the indebtedness was being incurred for the purpose of acquiring lands for the use of the district. Instead of specifying a purpose which would give the dis-trict authority to issue these bonds without submitting the ordinance at an election for the approval of the voters of the district, the ordinance specified a purpose for which the district clearly had no authority to issue bonds without the approval of the voters. The purpose specified is not the acquisition of lands or forest preserves, but the creation and management of the Forest Preserve District of Cook county. There is no authority anywhere in the statute authorizing the Forest Preserve District of Cook county to spend money, much less borrow, for the purpose of creat-ing itself, and the only authority it has to borrow money and to issue bonds therefor for the purpose of maintain-ing itself is the authority granted by section 13 of the act authorizing the creation of the district. A condition prece-dent to its authority to issue bonds for maintaining itself

is that the bond issue shall be approved by the voters of the district, and this, it is conceded, was not done in the case of the bonds in question. Because the bonds were not issued in accordance with the statute giving the district power to issue bonds the district had no authority to levy a tax to pay the interest on the same. The objection was properly sustained.

The judgment of the county court is affirmed.

*Judgment affirmed.*