The First National Bank of Dolton, Illinois, Appellee, v. Village of Dolton, Appellee.
Appeal of Charles Jacobsma, Intervening Petitioner, Appellant.

Gen. No. 33,560.

522

Opinion filed October 11, 1929.  Rehearing denied October 22, 1929.

CHARLES CENTER CASE and ALEXANDER J. RESA, for appellant.

WILLIAM F. PROPPER and MALONEY, WOOSTER & WHITESIDE, for appellee Village of Dolton.  OTTO F. REICH, for appellee First National Bank of Dolton.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from an order denying appellant the right to intervene in this suit in which the plaintiff had already obtained a judgment against the defendant based upon its ownership and the nonpayment of certain tax anticipation warrants and bonds authorized and issued by defendant corporation.  After such judgment, during the term it was entered, petitioner filed his petition in the capacity of resident and taxpayer of said village, claiming therein that said tax anticipation warrants were illegal and void on various grounds

and that he should be permitted to offer a defense on behalf of the village.

The petition appears to have been considered solely with respect to the right of petitioner to intervene in the suit. The grounds upon which the petition rests need not be considered if there was no such right. We are unaware of any such right in a common-law action where the rules of comon law obtain (except as modified by statute). There is no statute in this State permitting intervention in a common-law proceeding except that of trial of right of property. Intervention is common in equitable proceedings, but even then must be before judgment or decree. In *Haase v. Haase,* 261 Ill. 30, where in a partition proceeding a party sought leave to intervene after a decree of sale the court held that it was then too late; that there was no longer any cause in which to intervene. The court said: "After a cause has been heard and determined between the parties, there can be no intervention by a third person. Whatever rights another may then have in the subject matter of the controversy must be enforced by an original proceeding." That an intervention, when permissible, must be had during the pendency of the suit before the issues between the original parties have been determined is the general rule in other jurisdictions. (*Zeitinger v. Hargadine-McKittrick Dry Goods Co.,* 298 Mo. 461, 250 S. W. 913; *Encino State Bank v. Tenorio,* 28 N. M. 65, 206 Pac. 698; *Pinkard v. Willis* (Tex.), 57 S. W. 891; *W. D. Jenkins Lumber Co. v. Cramer Bros.* (Iowa), 160 N. W. 42.) Our attention has not been called to any common-law case in this State in which this question has been presented. But the principle upon which intervention will be denied after a decree in a chancery case is equally applicable to a common-law action even if intervention were permitted in such an action.

We deem it entirely unnecessary, therefore, to consider the other points argued why petitioner should not

have been permitted to intervene, namely, that he has no such interest in the subject matter of the litigation as would entitle him in a proper case to intervene, and as a taxpayer will not be permitted to usurp the power of a municipal corporation to control the conduct of litigation to which it may be a party, although in the absence of any claim of fraud, there are ample authorities sustaining these points. Were a discussion of either of them necessary to the decision of this case, we would be obliged to hold that no facts of fraud are pleaded in the petition but merely a conclusion. We think the petition was properly denied.

One of the appellees has renewed its motion to strike the bill of exceptions and its motion to dismiss the appeal, both of which we have previously denied. The former is based on the contention that the bill does not purport to contain all the evidence heard or proceedings had on the hearing on the petition. While the bill of exceptions recites a "hearing" was had on the petition, no issues were formed thereon and it is perfectly apparent that the hearing was in the nature of a demurrer to the petition already filed, though without leave of court, for which the hearing should have been had in accordance with the notice given. The effect of the proceeding was to deny such leave. The motion to strike the bill of exceptions will be again denied.

On the motion to dismiss the appeal we are cited to our decisions in *Sheppard-Strassheim Co. v. Nickas,* 207 Ill. App. 370, and *Revell & Co. v. Morgan Groc. Co.,* 211 Ill. App. 265, in each of which the appeal was dismissed as not perfected because no order of court approving the bond or authorizing the clerk to approve it, appeared in the record. While that has been the practice in this court for some time, we are now disposed to think that if, as in the case at bar, the approval of the judge appears on the bond filed as required by statute, it is sufficient to indicate approval by the court within the meaning of the statute. Section 92 of the

Practice Act, Cahill's St. ch. 110, ¶ 92, provides that the bond shall be filed in a given amount "with sufficient security, to be approved by the court." Section 93, Cahill's St. ch. 110, ¶ 93, provides that "the clerk of the court may, by order of the court, made at the time of praying the appeal, and entered of record approve of the security offered upon such bond, and such approval may be made in term time or vacation." Manifestly the latter section does not contemplate the entry of an order indicating approval by the clerk. Of course, such an order, if entered, would have to be entered by the court. If the approval permitted by the clerk is sufficient to perfect the appeal it is difficult to see why the signed approval on the bond by the judge should not be deemed equally within the contemplation of the statute, the statute not specifically requiring any order therefor. In either case it is a sufficient approval of the security offered on a bond already filed which merely requires an examination of the sufficiency of the security as contemplated by section 95, Cahill's St. ch. 110, ¶ 95. No decision of the Supreme Court holding what is the proper form of approval by the court has been called to our attention. We do not think, therefore, that approval of the security contemplated by the act necessitates an order of court. The act does not so provide. But if otherwise, the approval appearing upon the filed bond is suffiicent for the basis of an order to that effect on which the clerk was authorized to enter a formal order of record, or may still do so *nunc pro tunc* by direction of the court. We are of the opinion, therefore, that it cannot be said the appeal is not perfected because of the mere absence of such an order. The motion to dismiss the appeal will be denied.

The judgment will be affirmed.

*Affirmed.*

SCANLAN and GRIDLEY, JJ., concur.