Mabel Bernero, Appellee, v. Anthony Bernero et al.,
Defendants.
Appeal of The Retirement Board of the Firemen's
Annuity and Benefit Fund of Chicago, Appellant.

Gen. No. 37,721.

Opinion filed June 26, 1935.

WILLIAM H. SEXTON, Corporation Counsel, and
GEORGE F. MULLIGAN, Assistant Corporation Counsel,
for appellant; GEORGE F. MULLIGAN, of counsel.

JOSEPH W. COX, of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.
This is an appeal from an order of the superior court
of Cook county, in and by which the petitioner, the
Retirement Board of the Firemen's Annuity and Bene-
fit Fund of Chicago, is denied leave to intervene in the
case of *Mabel Bernero v. Anthony Bernero et al.*, in
the superior court of Cook county.
' On July 25, 1933, Mabel Bernero filed a bill in the
nature of a bill for review, in which it is recited that
on April 29, 1927, John D. Bernero exhibited his bill

of complaint in the superior court of Cook county against Mabel Bernero, in and by which bill, complainant prayed for a divorce from Mable Bernero on the ground of desertion; that it is alleged in the bill for divorce that on May 15, 1912, John D. Bernero was lawfully married to Mabel Bernero, and lived and cohabited with her, and that on February 15, 1913, Mabel Bernero unlawfully deserted said complainant. In this bill for review, it is further alleged that a summons was issued upon said bill for divorce, which summons was on June 6, 1927, returned ''not found''; that John Bernero signed and caused to be filed in the proceeding an affidavit, in which it is recited that process could not be served upon the defendant in said cause, and that upon due diligence and inquiry, her place of residence could not be ascertained, and that her last known place of residence was at 3426 Indiana avenue, in the City of Chicago. The bill for review further recites that on April 29, 1927, John Bernero caused to be published a notice of the filing of the bill for divorce, and that a certificate of such publication was filed, and that a copy of the notice was mailed to Mabel Bernero at the address hereinbefore set forth; that a default was entered in the cause, and on June 30, 1927, a final decree of divorce was entered, based upon the charge of desertion. The bill for review further recites that the affidavit of nonresidence signed and caused to be filed by John Bernero, was false, and a fraud upon Mabel Bernero; that she never lived at the address stated in such affidavit, and had never lived at such address, and that John Bernero was well aware of these facts; that on June 30, 1927, a decree of divorce was entered in said cause, and that thereafter John Bernero married another woman, who subsequently died, and that John Bernero died in the month of May, 1933. The complainant in this bill for review recites that she never

knew of the divorce until about June 29, 1933, at which time she was informed by her present solicitor, who filed the bill for review for and on her behalf, that such divorce had been granted. The bill for review also recites that because of such misrepresentation on the part of complainant in the divorce suit, the court was without jurisdiction to enter such decree, and the complainant prayed that the decree be reversed and set aside.

Certain alleged heirs of John Bernero are made parties to this bill for review. Service was had on one of them named Anthony Bernero. The return by the sheriff shows that none of the other defendants was found. On February 7, 1934, all of the defendants were defaulted, and a decree was entered *pro confesso,* in which the court found that all of the allegations in the bill of complaint were proved, that the plaintiff was entitled to the relief prayed, and the order and decree of the court was that the decree in the divorce case be opened up, reviewed, reversed and set aside, and that the rights of the parties thereto should be as though said decree was never entered. Following the entry of the decree just recited, the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago entered its appearance in the cause, and asked leave of the court to file a petition, supported by an affidavit, in which it is recited that the petitioner is the board of trustees of the Firemen's Annuity and Benefit Fund of Chicago; that the Firemen's Annuity and Benefit Fund of Chicago is a pension fund created pursuant to statute for the benefit of firemen's widows, children and parents of firemen; that John Bernero was a member of the fire department of the City of Chicago, and a participant in and a contributor to the firemen's pension fund. In this petition, it is further recited that John Bernero died in the month of May, 1933; that the act creating the

said Firemen's Annuity and Benefit Fund provides for a pension for the widow of a fireman; that John Bernero procured a decree of divorce from Mabel Bernero, complainant in the bill of review, on June 30, 1927; that subsequent to the decree of divorce, John Bernero married Ada Foss Bernero, who died before John Bernero's death, and that at the time John Bernero died, he left no surviving widow. In this petition, it is further recited that the cause for the filing of the bill for review was solely for the purpose of enabling the complainant, Mabel Bernero, to obtain a pension from the Firemen's Annuity and Benefit Fund, as the alleged widow of John Bernero, and that Bernero, being dead, could make no defense; that the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago is the only party in interest, and the only party who would be financially affected by the bill for review; that the petitioner had no notice or knowledge of the proceedings, and was given no opportunity to defend itself or the fund; that the petitioner is informed that John Bernero left no estate or property of any kind in which Mabel Bernero had or could have any interest, and over which the court could take jurisdiction, and that the sole purpose for such bill for review was to obtain the pension to which she was not entitled under the law.

In *Haase v. Haase,* 261 Ill. 30, a bill for partition was filed in the superior court of Cook county on October 3, 1912, and on February 5, 1913, after approval of a master's report, a decree of sale was entered. On the next day, a motion was made in the cause to vacate the decree, and for leave to intervene. In this petition, it was set forth that prior to the filing of the bill for partition of the real estate involved, the complainant in that suit had entered into a contract with the proposed intervenor for the sale to him of the premises

involved in the suit. The court denied the petition of the proposed intervenor, and said:

"An intervention implies a suit pending between parties in which another applies to be heard. After a cause has been heard and determined between the parties there can be no intervention by a third person. Whatever rights another may then have in the subject matter of the controversy must be enforced by an original proceeding. That course is still open to the appellant."

We are of the opinion that the proposed intervenor, the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago, has not chosen the proper remedy herein. The fact, however, that the solicitor for the complainant in the bill for review was the solicitor for John Bernero in his divorce proceeding, and that complainant, as she alleged in her bill for review, was first notified by him that the divorce had been granted, and that she then employed him as her solicitor to file the bill for review, suggests something that might properly be investigated. If the contentions of the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago are correct, then in case Mabel Bernero should attempt to collect the pension, a remedy is provided, but it is not by intervening in a suit where a decree has already been entered. The order appealed from is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.