People of The State of Illinois ex rel. Edward J. Barrett. Charles H. Albers and State Bank of Blue Island, Appellees, v. Blue Island Trust and Savings Bank, Appellant.

Gen. No. 40,669.

Opinion filed October 23, 1939.

PAUL T. KLENK, of Chicago, for appellant; FRANKLIN W. KLEIN, of Chicago, of counsel.

MALATO & HORRELL, of Chicago, for certain appellee; ALBERT J. HORRELL, of counsel.

W. OTTO WIELGORECKI, SCOTT, MACLEISH & FALK and YOWELL & LANGDON, all of Chicago, for certain other appellee; JOHN J. YOWELL, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal the Blue Island Trust and Savings Bank, a corporation, seeks to reverse an order or decree of the circuit court of Cook county dismissing its petition, whereby it sought to have vacated a decree of the circuit court of Cook county allowing the claim of the State Bank of Blue Island filed with the receiver of the Blue Island Trust and Savings Bank, which was in process of liquidation.

The Blue Island Trust and Savings Bank, which had been conducting a bank in Blue Island, closed and on January 13, 1930, the auditor of public accounts took possession and some time thereafter appointed a receiver and filed suit to liquidate the bank. As a part of the plan it was decided, by the proper parties, to organize a new bank and accordingly the State Bank of Blue Island was organized. Afterward the State Bank filed its claim against the receiver of the old bank. The claim was based on a contract entered into between the two banks. The receiver interposed a defense that the contract was *ultra vires* and void. The matter was referred to a master in chancery who recommended the allowance of the claim—$145,310.87. December 21, 1936, a decree was entered in accordance with the recommendation of the master.

July 3, 1937, Paul T. Klenk, solicitor for the Blue Island Trust and Savings Bank (old bank) asked leave of court to file the petition of the old bank, and the court entered an order continuing the matter to July 22nd. The next that appears from the record is that on October 28, 1937, the verified petition of the old bank was filed by Paul T. Klenk. It set up that on November 20, 1933, the appearance of the old bank and of Mr. Klenk, its solicitor, was filed; that on December 17, 1936, the State Bank (new bank) filed its claim against the receiver of the old bank to enforce the contract between the two banks; that on November

12, 1936, Charles H. Albers, receiver of the old bank, filed his petition setting up the facts of the new bank's claim, contending that the contract was *ultra vires* and void as being against public policy, and requesting the court for instructions; that the matter was referred to a master; that the claim was afterward allowed and a decree entered; that no notice of the filing of the petition of November 12, 1936, nor of the hearing before the master, nor of the entry of the decree, was given to the old bank or its counsel. The petition further set up that the contract between the two banks was *ultra vires* and that even if it were not, there was no valid or proper demand made by the new bank for the repurchase of the securities, as the contract required. The prayer of the petition was that the allowance of the claim be vacated and that the old bank be given leave to file an answer to contest the claim. The receiver filed his motion to dismiss the petition. The matter was referred to the same master in chancery to whom the question of the allowance of the claim of the new bank against the receiver had theretofore been referred. The master found that no notice was given to the old bank or to its counsel, Mr. Klenk, of the various steps taken in the allowance of the new bank's claim, etc., but found that on March 30, 1937, Mr. Klenk had been advised of the entry of the decree of December 21, 1936, allowing the new bank's claim, but that he did not move to vacate it until July 3, 1937, and that this delay showed a lack of diligence which barred any relief under the petition, and recommended its dismissal. September 22, 1938, an order was entered approving the master's report and dismissing the petition of the old bank, and it appeals.

In this court the new bank and the receiver of the old bank, who are defending the decree of the trial court, contend that after the appointment of the receiver of the old bank, the receiver alone had the right to prosecute and defend any matter involving the old

bank and therefore the old bank could not properly file its petition, and the court properly struck it. As the basis for this contention counsel cite section 11 of the Banking Act (sec. 11, ch. 16½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 10.11]). The pertinent part of that section provides that, ''If the Auditor determines that the bank cannot be reorganized and that the same should be liquidated through receivership he shall appoint a receiver, . . . Such receiver, under the direction of the Auditor, shall take possession of, and for the purpose of the receivership, the title to, the books, records and assets of every description of such bank, and shall proceed to collect all debts, dues and claims belonging to it, and, upon the order of a court of record . . . may sell or compound all bad or doubtful debts, and on a like order may sell the real and personal property of such bank, on such terms as the court shall direct. . . .

''Such receiver shall have authority to sue and defend in his own name with respect to the affairs, assets, claims, debts and choses in action of such bank. . . . He shall have the power and authority to redeem or take down collateral hypothecated by said bank to secure its notes or other evidences of indebtedness whenever the Auditor deems it to the best interest of the creditors of said bank so to do, and to do such other things and take such other steps from time to time under the direction and approval of the Auditor as may reasonably appear to be necessary to conserve the trust estate and secure the best interests of the creditors of said bank.'' That section further provides that, ''From time to time the Auditor of Public Accounts shall make a ratable dividend of the moneys collected by such receiver on all such claims as may have been proved to his satisfaction or adjudicated in a court of competent jurisdiction, and, as the proceeds of the assets of such bank are collected, shall make further dividends on all claims previously proven

or adjudicated. . . . After one year from the final dissolution of the bank, the Auditor shall make a pro rata distribution thereof to those claimants who have accepted dividends until such claim or claims are paid in full, and if any of said moneys shall then remain in his hands, the Auditor shall distribute the same pro rata to the stockholders.''

We think this statute is clear and unambiguous. By virtue of the statute the property of the bank in liquidation is turned over to the receiver who is given authority to sue and defend in his own name any claim for or against such bank. He represents the bank.

In the instant case we think the old bank was not authorized to intervene and contest the claim of the State Bank. And therefore no notice was required to be given to the solicitor who entered its appearance and that of himself.

When the claim was filed, as above stated, the receiver contended that the contract between the two banks, upon which the new bank's claim was predicated, was *ultra vires* and void. That question was there litigated and determined adversely to the receiver and the question cannot be relitigated, as is sought to be done in the matter before us. We might also add that in the case of *State Bank of Blue Island v. Benzing,* 301 Ill. App. 352, the validity of the same contract was involved. It was there contended that the contract was *ultra vires* and void. Upon a consideration of this question in an opinion filed October 3, 1939, we held that the contract was valid and binding.

And while the applicability of section 11 of the Banking Act above quoted from was in no way pleaded or involved in the hearing before the master or the chancellor, as counsel for the old bank points out, yet we are of opinion that since the matter had been judicially determined and under the law the old bank cannot be

permitted to intervene, the decree of the circuit court of Cook county ought not to be disturbed.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.