In re Belleville Bank and Trust Company, Testamentary Trustee under Last Will and Testament of Anna S. White, Deceased.
Federal Deposit Insurance Corporation, Appellant, v. Charles O. White et al., Appellees.

360

Opinion filed November 8, 1939.

CHESTER H. FARTHING, of Belleville, for appellant.

FARMER, KLINGEL & BALTZ, of Belleville, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.
On May 2, 1938, the appellant, Federal Deposit Insurance Company, a corporation, herein called the "petitioner," filed its petition and motion in this suit before the circuit court of St. Clair county asking for leave to intervene as a party and praying that a certain order of April 2, 1938, be set aside. The appellees filed a motion to strike the petition, supported by their affidavit, and the court entered an order on November 23, 1938, striking the petition of the petitioner, from which order this appeal is taken.

The record in this case shows that the Belleville Bank & Trust Company, herein called the "trust company," was appointed trustee of a trust under the will of Anna S. White, deceased. The trust company's appointment as trustee was confirmed in this suit on October 2, 1936. The trust company accepted the trust and acted as trustee. On March 16, 1938, the trust company was placed in the hands of a receiver by the auditor of public accounts because of insolvency.

On April 2, 1938, Charles O. White, one of the beneficiaries under the trust and a party to this suit, filed a petition herein suggesting the receivership of the trust company, and praying that a successor trustee for the trust be appointed. Thereupon, on that day, the court entered an order appointing the First National Bank of Belleville as successor trustee. Thereafter, on the same day, the trust company filed its report as trustee under the trust. This report, after stating an account of the trust management, alleged that the beneficiaries claimed a mismanagement of the trust on the ground that the trust company contrary to the instructions of one of the beneficiaries failed to sell certain securities, which securities thereafter depreciated in value; that the liability of the trust company was close and doubtful but as a compromise settlement the sum of $3,000 was offered to the beneficiaries for a release of any claim for mismanagement of the trust, and the report concluded with a prayer that upon filing proper receipts and upon the payment of the $3,000 that the trust company be discharged and released as trustee.

A hearing was had on the report before the court on the same day it was filed. The parties to this hearing were the trust company and all of the beneficiaries, including two minors for whom a guardian *ad litem* was appointed. After the hearing and on the same day, the court entered its order, which is the same order sought to be set aside by the petitioner. By this order the court in substance approved the report, found the offer of $3,000 for the settlement of the trust company's liability fair and equitable, ordered the payment thereof to the successor trustee, and provided that upon the delivery to the successor of the assets of the trust and the filing of proper receipts the report would be approved and the trust company discharged.

After the entry of the final decree and hearing on the merits of the report of the trust company as above mentioned, the petitioner, on May 2, 1938, filed its petition for leave to intervene and to have the order of April 2, 1938, set aside. This petition in substance stated two grounds upon which the petitioner claimed the right to intervene, first, that the court did not have jurisdiction of the subject matter and of the parties for the purpose of entering the order on April 2, 1938, approving and settling the trust company's account as trustee for the reason that the receiver for the trust company was not made a party thereto, and, secondly, that since the order of April 2, 1938, the petitioner arranged in behalf of the trust company a sale of its good assets to the First National Bank of Belleville and loaned to the trust company the sum of $1,349,-558.07, which loan was secured by an assignment to the petitioner of certain assets of the trust company not sold to the First National Bank of Belleville, and that after April 2, 1938, the petitioner maintained a deposit of $110,000 in the First National Bank of Belleville as a guarantee contingent upon any losses of the trust company, including any losses which it might maintain on account of the handling of any and all trust accounts including the trust estate in question, and that under such arrangement the $3,000 settlement in this trust would be payable by the petitioner. The petition further alleged that it did not approve of the compromise made on April 2, 1938, by the trust company, that petitioner is a party in interest, and that certain commissions due the trust company for services rendered for the trust in question now belongs to the petitioner, and the petition concluded with the prayer that the petitioner be allowed to intervene, that the order of April 2, 1938, be set aside, that the account of the trust company be restated, and that a hearing be had on the reasonable fees for services rendered by the trust company for the trust estate.

The appellees, being the beneficiaries under the trust estate, the trust company as trustee, and the successor trustee, moved to strike the foregoing petition, which motion to strike was allowed by the court on November 23, 1938.

It is clear from the facts shown that the petitioner seeks to intervene in a proceeding in which it was not an original party. The only question is, did the court abuse its discretion in denying the petitioner that right? The petitioner's rights, if any, must be determined by the record as presented and from the allegations contained in its petition.

The right to intervene in a proceeding is not absolute, but the permission of the court must be secured. The party seeking to intervene must have a clear interest in the subject matter involved, and it must appear that a full and complete determination cannot be had in the case without such party being made a party. The intervenor takes the suit as he finds it; he is bound by the record of the case at the time of his intervention, and he cannot change the issues between the parties or raise new ones. Intervention, even when permissible, must be had during the pendency of an action before the issues between the original parties have been determined, and a final decree has been entered. (*Groves v. Farmers State Bank,* 368 Ill. 35; *Hairgrove v. City of Jacksonville,* 366 Ill. 163; *First Nat. Bank v. Village of Dolton,* 254 Ill. App. 521; *Fisher v. Capesius,* 369 Ill. 598.)

The failure to make the receiver of the trust company a party to the order entered on April 2, 1938, is immaterial on the question of the petitioner's right to intervene. The receivership of the company was dismissed with prejudice on April 2, 1938, and it is admitted that the receivership did not automatically dissolve the trust company. Whether the receiver himself was discharged does not appear, but the record shows that the receiver's attorney acquiesced in the

order of April 2, 1938. We believe it significant that the receiver does not appear or join in this petition and he does not claim that any of his rights as receiver of the trust company were violated, nor does the petitioner claim that it has acquired any interest from the receiver which it is entitled to assert at this time. We see no merit to the petitioner's claim to intervene on this ground.

From an examination of the other ground urged for intervention we find that the actual assignment and the guarantee referred to in the petition, which are relied upon to show the petitioner's interest in the subject matter involved, have not been pleaded either in legal effect or by way of a copy attached to the petition. In the absence of any evidence as to the nature and effect of the assignment or of the guarantee, it is impossible to determine whether the petitioner acquired a sufficient interest to entitle it to intervene in this proceeding. It appears that the petitioner was active in the affairs of the trust company prior to April 1, 1938, that through its counsel the petitioner suggested and induced the action taken by the trust company in making the $3,000 settlement with the beneficiaries and securing the approval thereof by the court. We must presume whatever interest the petitioner acquired after April 2, 1938, was taken with notice of and subject to the settlement approved by the court. No fraud is alleged. The petitioner simply asks to relitigate the closed issues in this proceeding after final decree, and we are of the opinion that the court did not abuse its discretion in striking the petition.

The order of the trial court is affirmed.

*Affirmed.*