(No. 25852.

GEORGE W. LENHART *et al.* Appellees, *vs.* DAN MILLER, County Clerk, *et al.*—(THE LASALLE NATIONAL BANK AND TRUST COMPANY, Appellant.)

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

WINSTON, STRAWN & SHAW, and POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, (FLOYD E. THOMPSON, JAMES H. CARTWRIGHT, CHARLES J. CALDERINI, and THOMAS E. KIDDOO, of counsel,) for appellant.

L. A. LOWENSTEIN, I. R. CARTER, and HORACE E. GUNN, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Appellees, taxpayers of the town of Georgetown, Vermilion county, Illinois, sued to enjoin the county clerk from extending, and the county treasurer from collecting, taxes on the property of appellees for the payment of the principal of and interest on certain road bonds. The amended complaint alleged that a majority of the legal voters voting at the special election, held under section 61 of the Roads and Bridges act (Ill. Rev. Stat. 1939, chap. 121, par. 67) upon the question of issuing $25,000 in bonds, voted against the proposition. The vote was 271 against and 256 for. Notwithstanding this, the county clerk caused the levy and extension of taxes to be made against the property of appellees and the county treasurer had collected such taxes from appellees and other taxpayers. The prayer was that the county clerk be permanently enjoined from extending, or causing to be levied and enforced, any further taxes against the property of appellees pursuant to said bond issue proceedings, and that the county treasurer be compelled to return to appellees the amounts collected from them under the illegal levy, or so much thereof as should be found to belong to them. The county clerk and county treasurer of Vermilion county, the only remaining defendants, answered denying the allegations of the amended com-

plaint. At the hearing counsel for both sides agreed there was no dispute as to the facts, that there was no doubt that at the election in question the proposition was defeated, and·that it would be unnecessary to bring the town officials before the court as witnesses, but that the essential facts could be testified to by attorneys for appellees "who have personally investigated the facts." Thereupon Horace E. Gunn, an attorney for appellees, testified that he had talked with the town clerk, Ivan Rucker, and had examined the records in his possession; that he examined a document which Rucker stated was the return of the canvassing board, and of which Gunn had a photostatic copy. According to this document the bond issue proposition was defeated by a vote of 271 against to 256 for. This witness further testified the record book of the town of Georgetown contained the minutes of a special meeting on July 23, 1938, which recited, in substance, that the report of the canvassing board was read and accepted, with the result ·as above stated. He said Rucker told him this action at the town meeting in fact occurred. Rucker also told Gunn the representative of the bond house which originally purchased the bonds was informed the proposition had lost; that two or three weeks later the same representative said there was another law under which the bonds could be issued without a vote of the people, that the representative produced papers for the issuance of bonds for the town officers to sign, but that none of these papers made any reference to any election having carried; that the bonds were thereafter issued under this supposed law which required no vote of the people, and delivered to Doyle, O'Connor and Company through their agent Bill Collins. Gunn also stated that at the time of this suit the bonds were held by the LaSalle National Bank and Trust Company, appellant here, which was represented by the law firm of Winston, Strawn & Shaw; that .Walter Dysert, of Danville, an attorney for defendants, had forwarded that firm a copy

of the complaint in this cause, and a copy of the return of the canvassing board above described, and asked if they desired to intervene, and was informed they had no desire to do so in a case involving the taxpayers. Gunn also testified he discussed the case with that law firm and asked them if they desired to intervene in behalf of the bond-holders, and was informed they did not. The assistant State's attorney agreed the facts as stated by Gunn appeared to be the truth. The decree entered January 15, 1940, adjudged the tax proceedings for the issuance of bonds pursuant to the election were void and of no effect as to appellees, and enjoined defendants from extending and collecting taxes on appellee's property on account of said tax proceedings.

February 2, 1940, appellant filed in the circuit court a petition for leave to intervene as an additional defendant, for leave to file its motion to set aside the decree, and for leave to file its motion to dismiss the complaint. This petition was accompanied by a motion to set aside and a motion to dismiss. By this petition it was stated petitioner owned all of these bonds that were issued and they are apparently valid upon their face, duly signed by the commissioner of highways and the town clerk of the town of Georgetown; that petitioner purchased the bonds without notice of any irregularity in the proceedings preliminary to their issue; that the first notice petitioner had of any irregularity or infirmity in said bonds was on or about December 13, 1939, when it learned of the pendency of this cause; that it immediately began investigating the facts, and that it was engaged in the preparation of a petition for leave to intervene and in the preparation of its defense to the complaint when it learned a decree had been entered on or about January 15, 1940. The petition averred petitioner was a necessary party to the cause, that the complaint sought to adjudicate the validity of petitioner's bonds, and that no valid decree could be entered affecting the validity of the bonds

or the collection of taxes to pay the same unless petitioner was made a party. Finally, the petition asserted petitioner was a *bona fide* purchaser for value of said bonds, that its rights arising out of its ownership were sought to be injuriously affected by the complaint herein and are so injuriously affected by the decree that it should be permitted to intervene and make its defense. With this petition an affidavit by one of the attorneys for appellant was filed. This affidavit set forth affiant's correspondence with Dysert in regard to the question of whether or not appellant should intervene in this suit. It was the position of affiant that appellant should not intervene but that the rights of the bondholders could best be asserted in an independent action if that should become necessary. Affiant had a copy of the complaint, but from the affidavit it appears he was of the opinion the plaintiffs in that suit would try to contest the election by showing the return of the canvassing board, which affiant believed showed the proposition had carried, was incorrect. He had formed this erroneous opinion because what purported to be a certified copy of the return of the canvassing board was submitted to Chapman & Cutler, who passed upon the question of the validity of the bond issue for the original purchasers, which copy showed the bond issue had carried. Affiant further stated he later learned, about January 15, 1940, that the township officials claimed the bonds had been issued in spite of an adverse vote, on advice of the representative of the bond house; that he then decided to send an attorney to Danville to investigate the facts; that January 22, this attorney, Perry M. Chadwick, advised him of the result of his investigation and affiant decided to intervene. January 23, 1940, he was advised a decree had been entered. A hearing was had on this petition April 8, 1940, and Ivan Rucker testified to substantially the same facts Gunn had testified to at the hearing on the complaint, over objection by counsel for petitioner that the petition for leave to intervene should

first be passed upon. The court stated the whole matter should be gone into and continued the hearing until April 22, 1940, when Collins, the representative of the bond house, and Peter Glodkowski, the highway commissioner, could be present. April 13, 1940, appellant filed its notice of appeal from the decree entered January 15, 1940, while its petition for leave to intervene was still pending in the circuit court. Counsel for appellant states this was necessary, because the ninety-day period allowed for taking an appeal expired on that day; and if appellant had not appealed then, and its petition for leave to intervene had been later denied it could not have appealed from the decree as a matter of right.

Appellees have filed a motion to dismiss the appeal on the ground the decree is not a final and appealable order. This motion was taken with the cause. The rule is that the filing of a motion to vacate or set aside by a party to the cause stays the judgment or decree, and it does not become final so as to start the running of the time limited for suing out a writ of error or perfecting an appeal until the motion has been disposed of, (*Hosking* v. *Southern Pacific Co.* 243 Ill. 320.) and it stays final judgment so that the court can act on the motion at a subsequent term or after thirty days from the entry of the decree. (*Grub* v. *Milan*, 249 Ill. 456.) However, we believe that rule is inapplicable here. We have held there can be no intervention after entry of a decree. (*Haase* v. *Haase*, 261 Ill. 30; *Groves* v. *Farmers State Bank*, 368 id. 35.) In the *Haase case* this court said: "It was only after the entry of the decree of sale that he asked to intervene, and it was then too late. There was no longer any cause in which to intervene. It was ended. An intervention implies a suit pending between parties in which another applies to be heard. After a cause has been heard and determined between the parties there can be no intervention by a third person." At the hearing on this petition for leave to inter-

vene, etc., counsel for appellant stated that it was conceded appellant could not intervene as a matter of right after entry of the decree, but that the court, in its discretion, could open up the decree of its own motion and that was what appellant was asking. Whether that position is right we need not determine. It is clear that at the time notice of appeal was filed appellant had not been permitted to intervene or file its motion to set aside the decree, and the decree had not been opened up. Nor could appellant intervene as a matter of right. The mere filing of a petition for leave to intervene and for leave to file its motion to set aside the decree, did not have the effect of rendering the decree interlocutory. It remained final and appealable. The motion to dismiss is denied.

Appellant bases its right to appeal, though not a party to the record, on section 81 of the Civil Practice act. (Ill. Rev. Stat. chap. 110, par. 205.) In part, it provides: "The right heretofore possessed by any person not a party to the record to review a judgment or decree by writ of error shall be preserved by notice of appeal." To entitle such a person to review he must be injured by the judgment, order or decree, or be benefited by a reversal, or be competent to release errors. (*People* v. *Kennedy,* 367 Ill. 236; *People* v. *Whealan,* 353 id. 500.) The issue, here, is whether appellant is injured by the decree or will be benefited by its reversal. In this same category both appellant and appellees have argued the question of whether appellant, as a bondholder, was a necessary party, but have not mentioned the question whether there may be cases in which one, though not a necessary party and not, in fact, made a party, may have a right to appeal because he will be benefited by a reversal of the decree appealed from. Nor is this question discussed in any of the cases cited. *People* v. *Kennedy, supra,* was a *mandamus* suit against the county superintendent of schools to compel him to annex certain non-high school territory to the high school district. Appellants, not

made parties, owned land within the territory ordered to be annexed. It was held they had the right to appeal. The court stated the rule above announced and said: "Their right to appeal sufficiently .appears." It is obvious their rights were affected by the decision. *People* v. *Whealan, supra,* was a *mandamus* suit to compel the issuance and payment of warrants for relator's salary as deputy bailiff. The county was not made a party but sued out a writ of error, and it was held the county had such a right. We pointed out the judgment required the issuance of warrants which, if sustainable, would necessarily have to be satisfied out of the county's funds, and said that manifestly the county would be benefited by a reversal of the judgment. In *Leland* v. *Leland,* 319 Ill. 426, cited by appellees, the co-respondent in a divorce suit attempted to review the case by writ of error. It was held he had no such right. It was conceded his reputation might be injured by the evidence and finding of the court, but it was held that to entitle one not a party to sue out a writ of error the prejudice must be such that he takes or loses something directly by the judgment or decree, and that, in that case, the injury was not the direct result of the decree itself. The subject matter of that suit was the marital relation of the parties of record, and in that the' co-respondent had no direct interest or concern.

*Stripe* v. *Yager,* 348 Ill. 362, cited by appellant, involved a suit to enjoin the city from further carrying out the provisions of a resolution for the purchase of certain real estate, pursuant to which the city had paid part of the purchase price in cash and had agreed to pay the rest. It was held the grantors and the trustees under the trust deed to which the premises were subject were vitally interested in the determination of the question whether plaintiff in error should be perpetually enjoined from paying any part of the purchase price of the premises, and they were, therefore, necessary parties to the suit. It was held .

the question of necessary parties would be raised by the court of its own motion.

In *Lussem* v. *Sanitary District,* 192 Ill. 404, it was sought to declare invalid certain bonds which it was charged were collusively sold to the Illinois Trust and Savings Bank. This court held the bank was a necessary party.

It is not contended by appellant that the decree appealed from attempts to adjudicate the question of the validity of the bonds, or that this decree would be a defense to an action by it against the town of Georgetown. Rather, its position is that an injunction restraining the levy and collection of taxes for the payment of these bonds has the effect of impairing or even destroying the market value of the bonds; that because of this the bondholders have a right to appeal from such decree. Appellees contend that this proceeding was, in effect, the same as a tax objection suit, except that here the taxpayers are plaintiffs instead of defendants. They point out that in tax objection cases the county clerk and county treasurer, as tax collecting officers, are ordinarily the only parties who insist on the validity of the tax, and they are the only necessary parties. (*People* v. *Chicago Heights Terminal Transfer Railway Co.* 319 Ill. 389.) It is true that the issue here is similar to that·in tax objection cases— the validity of the tax as to the property of the taxpayers who are parties to the suit, and the question of the validity of the bonds is not directly involved. However, appellees argue that appellant has no more right to appeal than would any judgment creditor or person employed by the township who is paid from tax money. With this we cannot agree. This is a tax levied for the specific purpose of paying the interest on and principal of these particular bonds and the holding is that the taxpayers cannot be compelled to pay this tax. The basis of the holding that the tax was invalid is that the election held for the purpose of determining whether the bonds should be issued resulted in

a defeat of the proposal. Of course, if that be true the bonds were illegally issued. As a result, though the decree might not be binding on appellant in a suit on the bonds, it is obvious the market value of the bonds would be seriously impaired if not destroyed, and that by the decree itself appellant will have been materially damaged. It is unnecessary to determine whether it was a necessary party to the suit. It was injured by the decree and has a right to appeal from it.

Appellees urge that appellant is estopped to exercise the right to appeal for the reason that it was informed the complaint had been filed, was given a copy of it, and was asked if it wished to intervene but refused to do so. We cannot agree that the failure to intervene operates as a complete bar to their right to appeal. However, their refusal does operate as a limitation on what may be considered on this appeal. We shall consider only the issues raised in the circuit court and will consider the record as it is. Appellant cannot argue that certain evidence to which no objection was made should have been excluded. It must appeal, if at all, on the record as it has been made, and not as it should have been.

Appellant contends this is a suit to contest the result of an election, and the town of Georgetown was, therefore, a necessary party, citing *McCurdy* v. *Board of Education,* 359 Ill. 188, *Schumacher* v. *Klitzing,* 353 id. 530, and other election contest cases. This is not a suit to contest an election. Rather, this is a suit to declare a tax invalid, and the complaint, instead of contesting the result of the election, relies on the determination of that question made by proper agency, the board of canvassers. The official canvass showing the proposition was defeated constituted a determination of the result of the election which could be attacked only by proceeding to contest within the time and in the manner laid down in section 117 of the general Election law. (Ill. Rev. Stat. 1939, chap. 46, par. 120.) Thus, it

is obvious the suit, based on the return of the board of canvassers, was not an election contest suit, and appellees were not required to comply with the statute pertaining to election contests. We cannot here determine whether the official canvass on which this decree was based is authentic. No evidence was introduced during the trial of the cause raising any doubt as to that.

Appellant contends the taxpayers who stood by and permitted the road bonds to be issued and sold by the town of Georgetown and the funds to be expended for road purposes are barred by *laches* from maintaining this suit. It will be observed there was no evidence before the court at the time the decree was entered which showed that any of the appellees knew the bonds had been improperly issued at any time prior to the date on which they brought suit. All the evidence is that the town officials were led to believe, through the representation of the agent of the bond house, that the bonds could be issued under a different law that did not require a vote of the people. This issue was not raised until the petition for leave to intervene, etc. was filed. Similarly, we cannot consider the contention of appellant that these bonds were negotiable instruments, and that the recitals of the town officers as to the regularity of their issuance are conclusive against the town of Georgetown and it is estopped to deny its liability on the bonds in the hands of a *bona fide* purchaser. All these questions were raised after the decree was entered, and at the time this appeal was taken not all the evidence bearing on these questions had been introduced, and the circuit court had not passed upon any of the questions. We cannot, therefore, consider them here. Appellant cannot raise these questions by filing the various petitions, motions and affidavits and ask this court to consider the matters therein contained without first giving the trial court an opportunity to pass upon them. At the time of the entry of the decree, for example, there was no evidence that appellant was a *bona fide* purchaser for value.

Appellant cannot later raise this question and urge it on appeal as a ground for reversal by appealing while the trial court has the question under advisement. If it argues that question was not before the court, but only the question of whether to allow its petition for leave to intervene, that issue was never presented to the trial court and cannot be raised here for the first time. Under the record which was before it, the circuit court entered a correct decree.

The decree of the circuit court of Vermilion county is affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE GUNN took no part in this decision.