Irl H. Marshall, Appellee, v. Morris Solomon et al., Appellants.

Appeal of S. C. Lurie, Appellant.

Gen. No. 10,261.

Opinion filed October 14, 1948. Released for publication November 2, 1948.

LIDSCHIN & PUCIN, of Waukegan and AARON SOBLE, of Chicago, for appellant.

SEAGO, PIPIN, BRADLEY & VETTER, of Chicago, and BERNARD M. DECKER, of Waukegan, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On November 15, 1945, Irl H. Marshall filed in the circuit court of Lake county his complaint seeking to foreclose a trust deed executed by Morris Solomon to the Chicago Title and Trust Company of Chicago Illinois on September 1, 1925 to secure the payment of a note for $20,000 due five years after date. Subsequently an amended complaint was filed alleging, among other things, that the plaintiff is the legal owner and holder of the note, the indebtedness evidenced thereby and the trust deed and that the real estate described in said trust deed was thereafter subdivided into a subdivision consisting of eighty lots and known as Solomon's Addition to Deerfield; that the record legal title to certain described lots is vested in Thomas F. Sullivan, Thomas O'Malley, Fred A. Clarke and Louise Clark, Rose Stein and Henry D. Grief and that the record legal title to all the remaining lots secured by said trust deed is vested in Lincoln Trust and Savings Bank, as trustee, under the provisions of a trust agreement dated May 15, 1928, and known as Trust No. 144.

The maker of the note, Morris Solomon, who also executed the trust deed, the above-named individual

record legal title owners of the real estate described in the trust deed, together with John W. F. Smith, receiver of the Lincoln Trust and Savings Bank, the Chicago Title and Trust Company, as trustee and others were made defendants, as subsequent grantees, mortgagees, tenants or parties in possession. The complaint also alleged that the beneficiaries under Trust No. 144 under which the said Lincoln Trust and Savings Bank was trustee were unknown to the plaintiff and such beneficiaries were made parties defendant as unknown owners.

Personal service was had on defendants, Morris Solomon, Lincoln Trust and Savings Bank, a banking corporation; John W. F. Smith, as receiver of said Lincoln Trust and Savings Bank, a banking corporation and the Chicago Title and Trust Company. On December 20, 1945, an order was entered on motion of the plaintiff defaulting these defendants. This order recited that unknown owners were named as defendants in plaintiff's amended complaint and upon plaintiff's motion leave was given plaintiff to file instanter, his affidavit of unknown owners and to make unknown owners defendants. On the same day an affidavit of unknown owners and also an affidavit of publication were filed by one of the attorneys for the plaintiff. In the affidavit of unknown owners it was stated, among other things, that "the beneficiaries under a certain trust agreement dated May 15, 1928 and known as Trust Number 144 under which Lincoln Trust and Savings Bank, a banking corporation, is trustee" have or claim some right, title, interest or lien in, to, or upon the real estate, or some part thereof, in said amended complaint described and "that the name of each of such persons is unknown to plaintiff and to this deponent and upon diligent inquiry cannot be ascertained and all such other persons are made parties defendant to said action by the name and description of 'unknown owners.'"

Following the filing of these affidavits, publication was made and on January 22, 1946, an order was entered again defaulting those defendants who had been personally served and also those served by publication including "unknown owners." On the same day the cause was heard by the chancellor in open court and the usual decree of foreclosure and sale was rendered which found the amount due the plaintiff to be $31,900.90. In obedience to that decree, the master on February 19, 1946, sold the premises described in the decree to the plaintiff for $20,587.90 and on February 23, 1946, the master filed his report of sale, which was duly approved by the court on February 25, 1946.

On May 28, 1947, counsel for S. C. Lurie gave notice to counsel for plaintiff that he would present to the circuit court on June 5, 1947, a petition for leave to intervene in this proceeding and file a petition to vacate the decree of foreclosure and all subsequent orders and grant him leave to file an answer to the complaint and interpose the ten year statute of limitations. Upon a hearing of this motion leave was denied "for insufficiency of said petition on its face" but leave was granted petitioner to present an amendment to said petition. Subsequently an amended petition for leave to intervene was presented and upon a hearing an order was entered on December 16, 1947, denying leave to file the same. It is to reverse that order that petitioner, S. C. Lurie, prosecutes this appeal.

It is insisted by counsel for appellant that the record discloses that the affidavit as to unknown owners is defective because the affidavit was made by one of the attorneys for the plaintiff while the statute required it to be made by the plaintiff. It is further insisted that the affidavit for publication is defective because it did not state that Thomas F. Sullivan was dead and did not make his unknown heirs and devisees parties defendant and is also defective because it did not make the beneficiaries in the trust parties defend-

ant. It is further insisted that the certificate of publication (although it certifies that the publication notice was published in the Waukegan News-Sun) is defective because it does not certify that the Keystone Printing Service, Inc., was the publisher of the Waukegan News-Sun. By reason of these alleged defects, counsel concludes the court did not acquire jurisdiction of the unknown owners and therefore the decree may be set aside at any time upon motion.

The conclusion we have reached makes it unnecessary to determine whether the affidavit as to unknown owners, or the affidavit for publication or the certificate of publication are subject to the several criticisms directed against them.

The petition which appellant sought leave to file alleged that at the time the foreclosure suit was filed the Lincoln Trust and Savings Bank as trustee under Trust Number 144, held title to certain real estate described in the complaint and that Sydney Chanock was the beneficiary under this trust and entitled to the earnings and proceeds of the trusted real estate. That the bank ceased doing business in 1931 and never thereafter reopened for business; that a receiver was duly appointed for said bank by the auditor of public accounts and subsequently John W. F. Smith was appointed successor receiver and he was served with process of summons in this proceeding on November 19, 1945. That the trust agreement, known as Trust Number 144, is dated May 15, 1928; that Sydney Chanock was beneficiary and that the bank, as trustee, would deal with the trusted real estate only upon the written direction of the Deerfield Development Trust by Sydney Chanock. The petition then states that appellant, on July 8, 1947, received an assignment from Chanock of his beneficial interest in this trust and then alleges that on December 11, 1945, John W. F. Smith, the successor receiver of the Lincoln Trust and Savings Bank sold to appellant all the assets of said bank and on December 20, 1945, transferred to appellant all

of the receiver's right, title and interest in this trust. The petition then states that on July 10, 1947, the Lincoln Trust and Savings Bank conveyed, by a trustee's quitclaim deed to appellant certain real estate described in the petition and in the foreclosure complaint; that Sydney Chanock was not made a party defendant and served with summons and had no knowledge of the foreclosure proceedings prior to the entry of the decree of sale and that appellant did not learn of the proceedings or have any knowledge thereof until about April 1, 1947.

The trust agreement is dated May 15, 1928, and recites that it is known as Trust Number 144 and the Deerfield Development Trust. It was executed by the Lincoln Trust and Savings Bank and by Sydney Chanock and recorded in the recorder's office of Lake county on July 17, 1928. It recites that the bank was about to take title to the premises described therein and attached to the agreement is the deed of conveyance, executed by Elizabeth J. Chanock conveying to the bank, as trustee, under the provisions of said trust agreement, known as Trust Number 144, the premises involved herein. Three assignments seem to have been made. The first is dated March 25, 1929, and is from the Deerfield Development Trust by Sydney Chanock, assigning to the bank all "our right, power, privileges and beneficial interest in and to" this trust agreement including "all interest in the property held subject to said trust agreement." This assignment was accepted by the bank on March 25, 1929. The next assignment is from John W. F. Smith, as receiver of the bank, to appellant and is dated December 20, 1945. There is another assignment dated July 8, 1947, from Deerfield Development Trust by Sydney Chanock to appellant purporting to assign to appellant all rights in said trust.

Sydney Chanock, therefore, so it thus affirmatively appears has had no interest in this trust since 1929. That from 1929 to December 20, 1945, the bank was the

owner of the beneficial interest in this trust and was the owner of said interest on November 15, 1945, when the instant complaint was filed and was the owner of said interest on November 19, 1945, when John W. F. Smith as receiver of said bank was personally served with summons in the instant foreclosure proceeding and was the owner thereof on November 24, 1945, when the bank was likewise personally served with summons herein.

 Appellant therefore received whatever interest in this trust he may have on December 20, 1945. This proceeding was instituted on November 15, 1945, more than a month previous. The party from whom appellant acquired his interest having, previous to the transfer, been duly served with process of summons, appellant acquired his interest subject to the decree that was subsequently rendered herein on January 22, 1946. The doctrine of *lis pendens* is founded upon public convenience and necessity. *Lis pendens* means a pending suit. The *lis pendens* begins from the service of the summons. A purchaser from the defendant while the suit is pending acquires his interest subject to such decree as may be rendered on the hearing. (*Norris v. Ile,* 152 Ill. 190; *Moore v. Zelic,* 338 Ill. 583.) Appellant is in the same position as his predecessor in interest. The court acquired jurisdiction of the bank by the service of process upon it and upon its receiver who had authority, under the statute, to sue or defend in his own name, any claim for or against the bank. (*Albers v. Blue Island Trust & Savings Bank,* 301 Ill. App. 398.)

There is another reason why appellant should not prevail upon this appeal. The deed executed by Elizabeth J. Chanock which conveyed to the trustee the premises involved herein provided: "The interest of each and every beneficiary hereunder and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the

sale or other disposition of said real estate, and such interest is hereby declared to be personal property and no beneficiary hereunder shall have any title or interest, legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof.'' The trust agreement contains this clause:

''It is Understood and Agreed between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such; that in case of the death of any beneficiary hereunder during the existence of this trust, his or her right and interest hereunder shall, except as herein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs at law; and that no beneficiary now has, and that no beneficiary hereunder at any time shall have any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid.''

From these provisions in the trust agreement and deed it is apparent that Sydney Chanock, beneficiary in this trust received no interest in the real estate itself. Both the legal and equitable title to the real estate involved herein was vested in the bank as trustee. In the instant foreclosure proceeding, the beneficiary Sydney Chanock, was not a necessary party. (*Chicago North Shore & M. R. Co. v. Chicago*

*Title & Trust Co.,* 328 Ill. 610; *Liberty Nat. Bank v. Kosterlitz,* 329 Ill. App. 244.)

In *Haase v. Haase,* 261 Ill. 30, Herman L. Frankel sought to intervene in a partition suit after a decree of sale had been rendered. The trial court denied leave to intervene and in affirming that order, the Supreme Court said: (p. 32) ''It was only after the entry of the decree of sale that he (Frankel) asked to intervene, and it was then too late. There was no longer any cause in which to intervene. It was ended. An intervention implies a suit pending between parties in which another applies to be heard. After a cause has been heard and determined between the parties there can be no intervention by a third person. Whatever rights another may then have in the subject matter of the controversy must be enforced by an original proceeding.''

So here, the instant suit had proceeded to a decree of foreclosure and sale. A sale had been had on February 19, 1946, which was approved on February 25, 1946. The time in which any one could redeem had expired prior to May 28, 1947, the date upon which appellant gave notice to counsel who had represented the plaintiff in the foreclosure proceeding that he would present to the chancellor on June 5, 1947, his petition for leave to intervene. We are clearly of the opinion that the chancellor did not err in refusing leave to file the amended petition for leave to intervene herein and the order appealed from will therefore be affirmed.

*Order affirmed.*