THE SANITARY DISTRICT OF CHICAGO, Appellant, vs. WIL-
LARD W. GIFFORD, County Treasurer, Appellee.

*Opinion filed February 20, 1913.*

1. TAXES—*the Sanitary District of Chicago must bear its just
share of taxes.* Property owned by the Sanitary District of Chi-
cago must bear its proportionate share of the taxes of the town in
which such property is located.

2. SAME—*cost of main drainage channel should not be consid-
ered in valuing Lockport power plant.* The water power plant of
the Sanitary District of Chicago located at Lockport was under-
taken by the district as a financial investment and is not a neces-
sary part of the drainage system, and in determining the assessable
value of such plant for taxation the cost of the main drainage chan-
nel should not be considered as part of the cost of the power plant.

3. SAME—*duty of Sanitary District as to furnishing a descrip-
tion of its alleged farm land.* If the Sanitary District of Chicago
desires to have its land which it claims is farm land assessed sep-
arately from its other property, it should furnish a description of
such land to the proper officials before the assessment is made.

4. SAME—*general allegations of fraud are not sufficient.* Proof
of fraud or discrimination must be clear and convincing to war-
rant interference by a court of equity in matters of taxation, and
general charges of fraud are mere conclusions of the pleader and
are not admitted by a demurrer to the bill.

5. SAME—*mere fact of over-valuation does not, of itself, estab-
lish fraud.* The mere fact that property has been valued for tax-
ation at too high a rate is not, of itself, evidence of fraud such as
justifies the interference of a court of equity with the collection of
the tax, unless the valuation is so grossly excessive as to show that
the assessing body could not have acted honestly.

6. SAME—*prism of main drainage channel of Sanitary District
of Chicago is not exempt from taxation.* The prism of the main
drainage channel of the Sanitary District of Chicago is not exempt
from taxation as a public, navigable waterway. (*Sanitary District
v. Martin,* 173 Ill. 243, and *Sanitary District v. Hanberg,* 226 id.
480, adhered to.)

APPEAL from the Circuit Court of Will county; the
Hon. DORRANCE DIBELL, Judge, presiding.

JOHN C. WILLIAMS, P. C. HALEY, and JAMES S.
HANDY, for appellant.

GEORGE A. BARR, and SNAPP & HEISE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant filed in the circuit court of Will county an amended and substituted bill to enjoin appellee, as county treasurer, from obtaining a judgment against its lands and property for failure to pay certain taxes for the year 1911; also praying that any proceeding by way of *mandamus* which might be instituted by appellee to compel the payment of such taxes be enjoined, except as to such amount as the court should deem just. A temporary injunction was issued, but after a full hearing a motion to dissolve it was allowed. Appellant elected to stand by the bill and the cause was dismissed for want of equity. The case was then brought to this court on appeal.

The bill set out in detail the organization of the Sanitary District of Chicago; the territory embraced; a description of the drainage system and its improvements in Cook and Will counties; the cost of construction of the channel and improvements of said sanitary district; the values of the lands, improvements and personal property; the earning capacity of the same and the amount of tax assessed, alleging that such tax was excessive, inequitable and void, operating as a fraud upon the rights of appellant. The bill alleged that the assessor for the town of Lockport valued the appellant's real estate in that town at $5,330,436 and the personal property at $9900; that the board of review reduced this assessment on real property to $2,632,449 and added $84,168 to the personal property; that the cost of the entire work on the main drainage channel, with its equipment, was $42,748,644.42; that the cost of this work within the township of Lockport was $7,214,707.57, or about 16.9 per cent; that the true valuation of the property of the district in said town, figured on a return of five per cent on the income, should be placed

at $624,560.90, $3400 of which should be figured as personal property, and that the tax should be based on such a valuation; that the value taken for assessment purposes should not be the actual cost of these improvements but should be based upon the actual income from such property capitalized at five per cent, and only such proportion taken, as representing the value of the property in the town of Lockport, as the cost of that portion of the work in said town bears to the total cost along the whole length of the drainage canal. The bill further alleges that the total amount of its land in the said township is 1735.37 acres, 719.36 acres of which is occupied by water, spoil banks and power house, and the balance (1016.02 acres) lies almost wholly in the valley of the Desplaines river and is subject to overflow; that all of said last mentioned land is underlaid with limestone of no commercial value and that the supersoil is thin and not suitable for farming, producing an income from rental to appellant averaging $4.45 per acre, or $8225.50 annually; that the taxes assessed against appellant's property in said township for the year in question amounted to $15,329.90, leaving a deficit to appellant of over $7000; that experts employed by appellant to value the land in question fixed the total value of its lands in said township at $136,260.65; that the assessor's valuation on this land was $5,330,436, or a full value of over $3000 an acre, while other such land in that vicinity was given a full value of about $82.74 an acre; that the board of review's valuation is also far in excess of the value of said land. The bill further alleges that the prism of the main channel contains 181.09 acres in said township, and as it is a public waterway should be exempt from all taxation. It also sets out the building of the power house, Bear-trap dam and other equipment of the drainage canal in said township, the details of which we deem unnecessary here, as they have no essential bearing on the questions at issue.

Counsel for appellant contend that the proper method of arriving at the assessable value of its property in said township is at a fair percentage of return on the basis of the net income. They take five per cent as a fair percentage of such return, and attempt to show that at such rate the proportionate assessable valuation of the property located in said township, considered with reference to the ratio of its cost to the cost of the entire main drainage channel and adjuncts, is too high. Counsel cite several cases in which assessments of railroad property have been held improperly made with reference to the local property alone, upon the ground that for most purposes a railroad must be held to be a unit and considered as a single property, in its entirety, in fixing a proper tax in a given locality. This case, on its facts and under the law, is entirely different from that of a railroad doing a distinctively railroad business. The sanitary district was not created to produce income, but for the purpose of preserving health by carrying off the sewage of the city of Chicago and vicinity. The large expenditure of money in the construction of the channel was primarily for this latter purpose. Such main drainage channel was not an auxiliary to the power plant; the latter was an incident to the said channel. The law did not intend that anyone should pay the sanitary district for carrying off such sewage. This work was to be done and carried on with moneys raised by taxation upon property situated within the sanitary district, the owners of such property receiving their return in the improved living conditions and increased value of the property. The works constructed in said township for developing the water power in connection with the main drainage channel were undertaken by the sanitary district as a financial investment, so as to create electrical power to be sold at a profit. This water power plant does not aid in carrying off the drainage and in no way directly benefits the health of the inhabitants of the sanitary district. Even if it were

conceded that the value of this property for assessment purposes should be found by capitalizing the net income therefrom, it would not be equitable to use in such computation the cost of the entire improvement. The main drainage channel, so far as it relates to the assessable value of this power plant, is somewhat analogous to a river which supplies water to a mill situated on its banks. No good reason exists why the original cost of the main drainage channel, for the preservation of the public health, should be considered as a part of the cost of the power plant at Lockport. The water power work and improvements in said township of Lockport cost, according to the allegations of the bill, approximately $4,000,000. This water power improvement paid the sanitary district for the year 1911 a net income of $184,781.33. That amount is five per cent upon a principal sum of $3,695,626.60. The entire assessment by the board of review on appellant's property was $2,726,517, so that if it be conceded that the assessment should be made on the basis of capitalizing the amount of income from the property of the sanitary district located in the town of Lockport, south of its controlling works, as a financial investment, such investment paid in 1911 a net income of five per cent on nearly a million dollars more than the board of review's assessment. The claim of appellant that the cost of the entire main drainage channel should be considered as a part of the cost of the power plant in said township cannot be sustained. The property of the sanitary district situated in the town of Lockport should pay its just share of the taxes of that town. *Sanitary District* v. *Hanberg,* 226 Ill. 480.

Counsel for appellant argue that the value of its real estate found by the board of review, as compared with other real estate in the neighborhood, is so excessive as to be fraudulent. If the lands of appellant not occupied by the power plant or main drainage channel or its equipment, and only available for farming, were separately as-

sessed at the values alleged in the bill, such values, as compared with the assessed values of other land in the vicinity, as alleged in the bill, considered only for farming purposes, would doubtless be grossly excessive. But there is nothing alleged in the bill to show that the land of appellant available for farming purposes was so separately valued and assessed. On the contrary, we conclude from the allegations of the bill that the power plant, with its equipment, and all other works of the sanitary district, were assessed together with all the other property of said sanitary district in the said township. This being so, the farm land value would furnish no basis for a fair comparison of the land value. If appellant desired to have its land which it alleges to be farm land, assessed separately from the rest of its property, it should have furnished a description of such land to the proper officials before the assessment was made. (*Sanitary District* v. *Hanberg, supra.*) Proof of fraud or discrimination must be clear and convincing to warrant interference by courts of equity in matters of taxation. (5 Pomeroy's Eq. Jur. sec. 360.) General charges of fraud are mere conclusions of the pleader and are never admitted by demurrer. (*Newell* v. *Bureau County,* 37 Ill. 253; *Sterling Gas Co.* v. *Higby,* 134 id. 557.) The tax-payer is entitled to the honest judgment of the person or persons elected or appointed in the manner directed by the General Assembly, and a tax founded on an assessment which from corrupt and malicious motives is made excessive or is rendered unequal or unfair by fraudulent practices of the officers may be enjoined, or if the property is arbitrarily assessed fraudulently at too high a valuation a court of equity will interfere. (*First Nat. Bank of Urbana* v. *Holmes,* 246 Ill. 362.) But the fact of over-valuation will not, of itself, establish fraud. It is only when the valuation is so grossly out of the way as to show that the assessing body could not have been honest in its valuation that a court of equity will interfere. (*State Board of Equalization* v.

*People,* 191 Ill. 528; *People* v. *Bourne,* 242 id. 61.) The bill does not allege any fraudulent act of the assessor or board of review, and no language or conduct from which a fraudulent purpose could be inferred is stated therein. The only charge is that the property is assessed at a sum which appellant insists is in excess of its real value. Mere differences of opinion between the assessing officers and the owner of the property or between the courts and the assessing officers will not give a court of equity jurisdiction to declare fraudulent even what such court thinks is an excessive valuation. (*Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9.) On the facts alleged in this bill, figuring on any fair basis of valuation of the property of appellant in said town, it is impossible for the court to say that the assessment made by the board of review was fraudulent.

Counsel for appellant further insist, and the bill avers on information and belief, that the board of review assessed the spoil banks along the main drainage channel as personal property when they should have been assessed as a part of the real estate. The same rate of tax is fixed by law for personal property as for real estate. It would therefore make no practical difference to appellant.

It is further insisted that the prism of the main drainage channel, containing in this township 181.09 acres, is exempt from all taxation, as the channel is a public, navigable waterway. The arguments advanced by counsel for appellant in support of this position were fully considered by this court in *Sanitary District* v. *Martin,* 173 Ill. 243. It was there held that the land of said district (outside of the district) included in its channel was not exempt from general taxes. This ruling was approved in *Sanitary District* v. *Hanberg, supra.* It will serve no useful purpose to review the reasons given in those decisions for this conclusion. We deem it sufficient to say that we adhere to the rulings on this question made in those cases.

The circuit court rightly dismissed the bill for want of equity, and the decree of that court will therefore be affirmed.

*Decree affirmed.*