---

(No. 11892.—Reversed in part and remanded.)
THE SANITARY DISTRICT OF CHICAGO, Appellant, *vs.* EDWIN G. YOUNG, County Clerk, Appellee.

*Opinion filed October 21, 1918—Rehearing denied Dec. 4, 1918.*

1. TAXES—*what property of sanitary district is real estate and not personal property.* Power transmission lines of a sanitary district, whether consisting of wooden poles set in the ground or steel towers on concrete bases, all being on land owned by the district, and spoil banks composed of material excavated from the channel, which are also on land owned by the district, are real estate, and, if taxes have been extended against such land, a tax on the spoil banks and transmission lines as personal property is void as amounting to double taxation. (*Sanitary District* v. *Gifford,* 257 Ill. 424, distinguished.)

2. SAME—*what does not change character of property as real estate.* The fact that the sanitary district has sold rock or stone from spoil banks located on its land and composed of material taken out in excavating the channel does not change the character of the spoil banks from real estate to personal property.

3. The other questions involved in this case are controlled by the decision in *Sanitary District* v. *Young,* (*ante,* p. 351.)

APPEAL from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding.

EDMUND D. ADCOCK, (COLL MCNAUGHTON, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, SNAPP, HEISE & SNAPP, and ROBERT W. MARTIN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Sanitary District of Chicago, appellant, filed its bill in the circuit court of Will county to enjoin Edwin G. Young, county clerk of Will county, appellee, from extending taxes for the year 1916 against its property upon the valuation and assessments made and returned by the assessors of the towns of Lockport and DuPage. The bill was amended, and the court overruled a demurrer as to the allegations relating to the assessments upon personal property in school districts 89, 93 and 96, and as to the allegations relating to the assessment upon the improvements of complainant in section 27 in Lockport township, consisting of the power house, machinery, equipment and electric light plant. The demurrer was sustained as to the allegations relative to the assessment against the Butterfly dam and the personal property in school districts 98, 99 and 103. Appellant having elected to stand by its bill, a decree was entered in favor of appellee as to that portion of the bill to which the demurrer was sustained. Appellee answered the portions of the bill to which the demurrer was overruled. Trial was had before the chancellor concerning the matters upon which issue was joined, and the court found the issues in favor of appellee and entered a decree dismissing the bill for want of equity. This appeal has been prosecuted to review that decree.

The bill in this case is almost identical with that in *Sanitary District* v. *Young*, (*ante*, p. 351,) the only material difference being in respect to the allegations in reference to personal property assessed in school districts 89, 93 and 96. It will be unnecessary to again discuss the questions raised in both cases. For the reasons given in *Sanitary District* v. *Young, supra*, the court erred in sustaining the demurrer as to the allegations of the bill attacking the assessments on personal property in school districts 98, 99 and 103.

It developed on the hearing that the personal property assessed in school districts 89 and 93 consisted of the transmission lines of appellant, and in district 96 of the spoil banks along appellant's canal.  In district 89 the transmission lines consisted of ordinary wooden poles set in the ground, upon which its wires were stretched, and in district 93 of steel towers set in concrete bases on appellant's right of way, upon which wires were stretched carrying a high voltage of electric current.  Appellant insists that its transmission lines and spoil banks are real estate, and their assessment as personal property is therefore void.  The transmission lines and the spoil banks are on real estate owned by appellant, against which taxes were extended for the year 1916 upon the quadrennial assessment made in 1915.  If they are a part of that real estate, then to assess them also as personal property would result in double taxation and the relief prayed for in this respect should have been granted, as clearly the same property cannot be assessed both as real estate and personal property.  The poles and towers which carry the transmission lines of appellant are located wholly on its real estate.  Under paragraph 12 of section 292 of the Revenue act it must be held that the transmission lines are a part of the realty and assessable as such, there being no special statutory provision requiring such property as this to be assessed as personal property. The spoil banks are clearly a part of the real estate upon which they were placed when the excavation for the canal was made.  The material comprising the spoil banks was part of the soil when excavated, and its character as land was not changed by reason of its displacement from the bed it originally occupied.  It became incorporated with and a part of the soil where it was deposited.  (*Lacustrine Fertilizer Co.* v. *Lake Guano and Fertilizer Co.* 82 N. Y. 476.) The transmission lines and the spoil banks being a part of the real estate were necessarily included in the quadrennial assessment of that real estate made in 1915.

Appellee relies upon *Sanitary District* v. *Gifford,* 257 Ill. 424, in support of his contention that appellant is not entitled to relief in this particular as it can make no practical difference to appellant whether this property is assessed as a part of the real estate or as personal property. In that case, as here, appellant sought to enjoin the extension of its taxes, but by its bill it alleged that the spoil banks were assessed as personal property and not as real estate. In the present case, which arose after a subsequent quadrennial assessment, appellant alleges that it owns no personal property whatever in the school districts in question but that all of its real estate located in those districts was assessed. The question of double taxation was not involved in the *Gifford case.*

Appellee contends that appellant treated the spoil banks as personal property by selling rock or stone therefrom. This did not have the effect of changing the character of the property.

It is also contended that appellant is concluded from now claiming this property as real estate because it led the assessor to treat it as personal property and to assess it year after year as personalty. There is no support in the evidence for this contention, but, on the contrary, it appears that appellant has consistently contended that this property was real estate and should not be assessed as personal property.

For the reasons given in this opinion and in *Sanitary District* v. *Young, supra,* the decree of the circuit court is affirmed in all respects except in sustaining the demurrer as to the allegations of the bill in reference to the assessments on personal property in school districts 98, 99 and 103, and in dismissing the bill as to the assessments of the transmission lines in school districts 89 and 93 and of the spoil banks in school district 96 as personal property. In those respects the decree is reversed and the cause remanded.

*Reversed in part and remanded.*