(No. 26112.—)

Eugene Tuttle et al. Appellants, vs. James C. Bell, County Collector, Appellee.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

Scott, MacLeish & Falk, and Oscar Robert Laraway, (Robert S. Cushman, and Robert C. Keck, of counsel,) for appellants.

JAMES E. BURKE, State's Attorney, (CHARLES H. BLIM, of counsel,) for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Eugene Tuttle and 157 other persons, all owners of real estated located in Will county, began a suit in the circuit court of that county to enjoin the county treasurer and *ex officio* county collector from collecting a part of the 1939 taxes levied against their respective tracts of land. Defendant's motion to dismiss the complaint for want of equity was sustained. Plaintiffs elected to stand by their pleading and a final decree, with costs, was entered. Plaintiffs have appealed directly to this court. Constitutional questions and questions involving revenue give this court jurisdiction by direct appeal.

Plaintiffs' lands were located outside incorporated cities and villages and devoted principally to agriculture. They claim there was an unjust discrimination in fixing the assessed values of their lands and other lands of like character as compared with the assessed value of real estate located within the cities, towns and villages. The steps taken by the township assessors and board of review in fixing the values of real estate for taxable purposes in said county are set forth in the complaint. It was duly pleaded that plaintiffs had exhausted all their statutory remedies by their appearance before taxing officials and administrative bodies and objecting to the valuations fixed.

It was alleged that the Illinois taxing officials have, for some time, generally disregarded the statutory mandate that all property should be assessed at its full fair cash value and had, in lieu thereof, adopted a fixed percentage of the fair cash value as the assessed value. It is alleged that in the year 1939 the taxing officials of Will county announced they would fix the assessed value of the real estate in the county at thirty per cent of its fair cash value

but that, contrary to such announced intention, they fixed the assessed value of farm lands at thirty-five per cent of the fair cash value and the assessed value of city property at twenty-five per cent of its fair cash value.

The basis for the allegation as to the differentiation of percentages rests upon three surveys made, one under the supervision of the State Tax Commission and two by representatives of a farmers' organization. The surveys were made from *data* taken from all the voluntary sales of both city and farm property made during a certain period of time. The consideration of the several transfers was taken as the fair cash value of the property transferred. It appears one survey was made from 229 sales of city property and 80 sales of farm lands. The total assessed value of the tracts included in the city transfers was 24.62 per cent of the total cash consideration shown by such transfers while the assessed valuation of the farm lands was 34.49 per cent of their total consideration.

Plaintiffs paid 70 per cent of the taxes levied against their land. The taxes withheld represent the amount of taxes that the several levies would produce computed on a valuation which it is claimed the assessed value of the farm lands exceeds the assessed value of the city property. It is plaintiffs' theory that the method adopted in fixing the valuation of the two classes of property works an injustice, that it violates the due process and equal protection clauses of the fourteenth amendment to the Federal constitution and destroys uniformity of taxation as required by section 1 of article 9 of the State constitution.

The motion to strike admits all matters well pleaded and the question presented is whether plaintiffs have pleaded facts which furnish a basis upon which a court of equity may grant relief.

Section 1 of article 9 of the constitution provides: "The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person

and corporation shall pay a tax in proportion to the value of his, her or its property—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise." Under this provision, and the statutes enacted to carry it into effect, every person and corporation is entitled to the protection of the constitutional provision and have his tax levied by valuation so that each shall pay in proportion to the value of his, her or its property. The constitutional provision precludes the taxing officials from adopting a method of valuing property whereby there is a discrimination in favor of or against any class of property. (*First Nat. Bank* v. *Holmes*, 246 Ill. 362.) This rule applies not only to the fair cash value of the property, but where an equalizing factor has been adopted by a taxing body or taxing officials by which property is listed for taxation purposes below its fair cash value, the same equalizing factor must be applied equally to other property in order to secure uniformity of taxes. *People's Gas Light and Coke Co.* v. *Stuckart*, 286 Ill. 164; *People* v. *Orvis*, 301 id. 351; *Bistor* v. *McDonough*, 348 id. 624; *Green* v. *Louisville & Interurban Railway Co.* 244 U. S. 499, 61 L. ed. 1280.

The constitution provides that the value of property shall be ascertained by some person or persons elected or appointed by the legislature. When the value has been fixed by the officials so designated by statute, such value is not, in the absence of fraud, subject to the supervision of the judicial department of the State. (*Keokuk and Hamilton Bridge Co.* v. *People*, 185 Ill. 276; *Republic Life Ins. Co.* v. *Pollak*, 75 id. 292.) In *First Nat. Bank* v. *Holmes, supra,* it was said: "The whole matter of valuation is committed to the assessor and board of review under the controlling principle that the property shall be so valued and that every person and corporation shall pay a tax in proportion to his or its property, and a court of equity

has no jurisdiction to enjoin the collection of a tax unless it is unauthorized by law or is levied on exempt property or the property is fraudulently valued too high."

Plaintiffs do not claim the taxing officials fraudulently valued their property too high. Neither do they contend the value placed on their property was higher proportionately than the value placed on other farm lands of like character similarly situated. Nor is there any claim of unjust discrimination arising out of the application of a different equalizing factor as between the various classes of property.

If plaintiffs' grievance is directed at an over-assessed valuation from which fraud is presumed, then they have failed to plead facts to which such a presumption could be applied. The allegations in reference to over-assessment of farm lands are based on the sale values of 80 tracts of farm lands but there is no allegation that any of plaintiffs' lands formed a part of the 80 farms so considered, nor were any facts pleaded to show a similarity between any of the farms sold and plaintiffs' lands. On the other hand, if plaintiffs' claim rests upon the fact the city property was valued at a lower percentage of its fair market value than the farm lands, then the gist of their claim is that their land should be relieved from a part of the taxes levied for the reason other real estate was not assessed high enough. A court of equity will not grant injunctive relief under such circumstances.

In *Bistor* v. *McDonough, supra,* upon the question here involved, it was said: "The contention that the assessments upon the lots and parcels of real estate of the appellants are void because there was discrimination in favor of personal property is not tenable. It has been the uniform rule in this State that neither the omission to assess nor the under-valuation of one kind or class of property will invalidate the assessments upon other property in the same jurisdiction." In *First Nat. Bank* v. *Holmes, supra,* it

was said: "A court of equity can not intervene in behalf of a taxpayer on the ground that the property of others has been valued too low." Other cases to the same effect are *Chicago, Burlington and Quincy Railroad Co.* v. *Frary,* 22 Ill. 34; *People* v. *Lots in Ashley,* 122 id. 297; *Dunham* v. *City of Chicago,* 55 id. 357; *DuPage County* v. *Jenks,* 65 id. 275; *People* v. *Cesar,* 349 id. 372.

The decree of the circuit court dismissing plaintiffs' complaint for want of equity was correct, and is affirmed.

*Decree affirmed.*