People of the State of Illinois ex rel. James Valentine et al., Appellees, v. John D. Biggs, Judge of the County Court of Bond County, et al., Appellants.

Heard in this court at the May term, 1941. Opinion filed November 27, 1941.

FRANK E. TROBAUGH, of West Frankfort, and MEYER & MEYER, of Greenville, for appellants; MACDONALD, MEYER & MEYER and JOE DELAURENTI, all of East St. Louis, of counsel.

F. D. ASHCRAFT, of Greenville, M. J. BROWN and HERBERT W. DEY, both of Hillsboro, for appellees.

Mr. Justice Dady delivered the opinion of the court.

This is an appeal from an order of the circuit court of Bond county granting a writ of mandamus.

On November 15, 1932, Paul Smith, as administrator *de bonis non* with the will annexed of a certain estate, filed in the county court of Bond county (hereafter referred to as "probate court") his final report.

On December 12, 1932, Biggs, as judge of the probate court, indorsed or caused to be indorsed on the back of the report the following: "Approved Dec. 12, 32, John D. Biggs, Judge," and at the same time made or caused to be made this entry in his judge's docket: "12-12 32 Proof of Post. and Notice to Heirs Final report approved and Adm. etc. discharged upon filing receipts," but no formal order covering these proceedings was then entered of record.

On November 4, 1939, James Valentine, E. B. Valentine, and Dorothy Valentine, who are the relators in this mandamus proceeding, and M. Alice Valentine, guardian for Richard Valentine, filed in the probate court their motion which motion stated that they were heirs and legatees "and/or" devisees of the decedent and by reason thereof interested in the proper administration of said estate; that Smith, as administrator, had not reported on the condition of the estate since November 1932; that distribution had not been made to them of the entire estate; that no order of discharge had been entered in the estate, and that Smith, as administrator, had or should have in his possession property of the value of exceeding $1,000 belonging to the estate. Such motion asked that Smith be cited to show cause why he should not make an accounting to date and that upon a hearing he be ordered to make a full and complete accounting, and for "such other relief" as they might be entitled to. To this motion Smith as administrator, filed his motion to strike, which motion to strike was sustained by an order en-

tered on August 5, 1940, by Biggs, as judge of such probate court.

On April 10, 1940, the relators and M. Alice Valentine, guardian for Richard Valentine, filed in the probate court their motion to expunge from the records of the probate court a certain order "purporting to have been entered" in said court on December 12, 1932, purporting to approve said final report and discharge said administrator "upon filing receipts," on the ground that said purported order was not entered on December 12, 1932, but was in fact entered on March 18, 1940, *nunc pro tunc* as of December 12, 1932, by a deputy in the office of the clerk of the probate court at the request of the attorney for the administrator but without any order of the probate court so to do. Smith, as administrator, filed his motion to strike this motion, which motion to strike was sustained by Judge BIGGS by an order entered on August 5, 1940.

On August 22, 1940, relators filed their motion in the probate court stating that they were desirous of appealing to the circuit court from the two orders of August 5, 1940, and asking that the court fix the amount, terms and conditions of an appeal bond.

On August 22, 1940, the hearing on this last motion was continued to and set for hearing on August 24, 1940, by the probate court. On August 24, 1940, an order was entered in the probate court continuing such hearing to August 28, 1940, and stating that the court extended the time in which the appeal bond might be fixed and filed to September 9, 1940.

On August 24, 1940, the relators and M. Alice Valentine, guardian for Richard Valentine, by leave of court and pursuant to stipulation of the parties, filed in the probate court another motion entitled "Third amended motion," moving therein that Smith be cited to appear and account to the court for all property of every kind and description which he had received in the administration of the estate and to

show the disposition made of the property so received. This motion alleged, among other things, that no final order of the probate court had been entered approving the final report of the administrator, that no order had ever been entered discharging Smith, as administrator, and that the estate had never been finally settled. The motion prayed that the order of the probate court purporting to have been entered on December 12, 1932, be set aside, that the estate be ordered opened, and that the administrator be cited to appear and make a full and complete accounting of his administration of the estate, and prayed for such other relief in law and in equity as relators were entitled to. To this last motion Smith, as administrator, on September 14, 1940, filed his answer alleging certain alleged facts and denying that the petitioners were entitled to the relief asked for by their motion. This last motion and the answer thereto are still pending and undisposed of in the probate court.

On August 28, 1940, the probate court entered an order which stated that such court was of the opinion that the two orders of August 5, 1940, were not final but interlocutory orders, and which order denied the motion "to fix the appeal bond" for said reason.

For the purpose of compelling the county judge to fix the appeal bond so that an appeal could be perfected from the probate court to the circuit court from the orders entered by the probate court on August 5, 1940, the relators filed this mandamus proceeding in the circuit court, making defendants to the action appellants John Biggs, as county judge, Alva C. Nance, as clerk of the county court, and Paul Smith, individually.

The circuit court, after hearing this mandamus suit, entered on May 24, 1941, its final order, which is the order appealed from herein. The circuit court found in such order that the two orders entered by the probate court on August 5, 1940, were final and appealable

orders and directed that Biggs, as judge of the probate court, forthwith fix the amount of the appeal bond and the terms and conditions of the same as requested by the relators, so that they might perfect an appeal from such two orders. Such order of the circuit court also ordered that the costs of the mandamus proceeding be taxed against all three defendants.

Before discussing the case on its merits there are certain preliminary motions which we have taken under advisement and which must first be disposed of.

On March 29, 1941, defendants duly filed their notice of this appeal. All parties concede that on March 31, 1941, Biggs resigned as county judge, that within a few days thereafter his resignation was duly accepted by the governor, and that there is as yet no successor. Defendants have moved that this court vacate the judgment of the circuit court and dismiss the mandamus petition because of the vacancy in the office of county judge caused by the resignation of Biggs. This motion is denied. Under the provisions of section 8, chapter 87 of our statute on mandamus [Jones Ill. Stats. Ann. 109.432], the resignation of Biggs, as county judge, did not have the effect of abating the suit, but his successor when appointed might be made a party thereto, and the writ if allowed to stand might be directed against him. (*People ex rel. Adams v. McKibben,* 377 Ill. 22.)

Relators have moved to dismiss the appeal by Biggs, county judge, on the ground that he no longer has an appealable interest, and have moved to dismiss the appeal by Paul Smith and Nance the clerk, on the ground that the order appealed from did not direct either of them to do anything other than pay the costs, and that therefore neither of them has an appealable interest.

The rule is that an appeal may be prosecuted by any person, whether a party to the record or not, who is damaged by the judgment, or will be benefited by its reversal, or is competent to release errors. (*Lenhart*

*v. Miller,* 375 Ill. 346; *People ex rel. Pollastrini v. Whealan,* 353 Ill. 500; *People ex rel. Voss v. O'Connell,* 252 Ill. 304.) In ascertaining whether a person has an appealable interest, it is unnecessary to determine whether such person was a necessary party to the suit. (*Lenhart v. Miller, supra.*)

The petition for a writ of mandamus alleged that Smith was the administrator of the estate of E. S. Valentine, but made him a party defendant only as an individual. Relators' motion to cite Smith to account filed in the probate court on November 4, 1939, questioned his proper administration of the estate. Smith as an individual was directly interested in the ultimate disposition and outcome of this motion. (*Heinrich v. Harrigan,* 288 Ill. 170.) He had a similar interest in the motion to expunge the order of December 12, 1932, approving his final report. If the orders of August 5, 1940, were not final and appealable, Smith should not be forced to follow an appeal to the circuit court. Smith has been placed in a position where he must follow an appeal in order to protect his interests, unless he secures a reversal of the mandamus order entered in this case. It is manifest to us that Smith was injured by the order appealed from, and will gain by its reversal. Relators' contention that Smith cannot appeal because the order complained of does not require him to do anything is without merit. Although in form the order of the trial court was not directed against Smith, except as to costs, nevertheless he was directly interested and injuriously affected thereby and had a right to appeal. (*West Side Hospital of Chicago v. Steele,* 124 Ill. App. 534; *Corn v. Greenberg,* 181 Ill. App. 669.) Inasmuch as Smith has an appealable interest and is entitled to a decision of the case on its merits, it is unnecessary for us to pass on the question whether Biggs or Nance has a right to appeal. (See section 81 of the Civil Practice Act, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.081].)

The relators' motion to dismiss the appeal is therefore denied.

The next question presented is whether or not the two orders entered by the probate court on August 5, 1940, are merely interlocutory or are final and appealable orders.

On August 24, 1940, relators, by leave of court and pursuant to a stipulation, filed in the probate court their "Third amended motion." It will be noted this motion was filed before the expiration of the twenty-day period given by the statute for leave to apply to the probate court for an appeal from the orders of August 5, 1940. (Section 330, paragraph 484 of the Probate Act, ch. 3, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 110.581].) The motion set up all of the alleged material facts contained in the former motions and alleged additional facts and asked for all of the relief asked in such former motions. In his answer to the third-amended motion Smith pleaded on the merits and did not contend that the orders of August 5, 1940, were final orders. Smith has at all times contended and now contends that such orders of August 5, 1940, were not final orders, and of course cannot hereafter successfully take a different position. The probate court did not consider them final orders and so stated in the order denying the appeal. The third amended motion is pending and undisposed of and if relators are entitled to any relief, complete relief can be obtained by a hearing on such motion.

Assuming, but not holding, that the two orders of August 5, 1940, would have been final and appealable orders if the relators had not so filed such third amended motion, it is our opinion and we hold that by filing such third amended motion the relators abandoned and are precluded from now asserting any right they may have had to appeal from the two orders of August 5, 1940, and that therefore said two orders were not at the time of the commencement of this man-

damus proceeding and are not final and appealable orders. In 4 *Corpus Juris Secundum* on page 399, it is stated: "As a general rule, if a party, after an order or judgment upon demurrer to pleadings is given against him, under leave of court, amends the pleading demurred to, or substitutes another therefor so as to remove the grounds of the demurrer, he acquiesces in the judgment or order upon the demurrer, and will not be permitted to appeal therefrom, or, unless an exception is duly saved, to assign it for error in the appellate court, or to appeal from the conditions imposed; and the same principle applies where a pleading is amended after a ruling on a motion to strike or for a more specific statement." (See *Smith v. Smith,* 169 Ill. 623.)

For the reasons indicated it is our opinion that the circuit court erred in awarding the writ, and the judgment of the circuit court is reversed.

*Reversed.*