(No. 39558.—

THE PEOPLE *ex rel.* LELAND J. NORDLUND, County Collector, Appellant, *vs.* S. B. A. COMPANY, Appellee.

*Opinion filed March 24, 1966.*

WILLIAM R. NASH, State's Attorney, of Rockford, (WILLIAM H. GATES, Assistant State's Attorney, of counsel,) for appellant.

PEDDERSON, MENZIMER, CONDE & STONER, of Rockford, (L. W. MENZIMER, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case arises on an application of the county treasurer and ex-officio county collector of Winnebago County for judgment for delinquent taxes assessed for the year 1963, filed in the Winnebago County division of the circuit court of the 17th Judicial Circuit, and for the adjudication of the objections filed and claims for refund of taxes paid under protest on the basis that the property was so excessively overvalued as to amount to constructive fraud.

The defendant, S. B. A. Company, the owner of two pieces of real estate referred to as tract I and tract II, objected to their assessment and sought a refund of taxes paid under protest. After a hearing the trial court reduced the assessments, and ordered a partial refund to the defendant. The collector appeals this order directly to this court because the case involves the revenue.

The two tracts involved are situated in Rockford. Tract I is occupied by a concrete and steel warehouse building built in 1949, containing 47,100 square feet. In 1963 the original assessment of $126,230 was reduced by the board

of review to $110,230. It is agreed that assessments in Winnebago County are based on 60% of fair market value, and therefore the final assessment was based upon a full value of approximately $183,700.

An officer of the defendant thought the property was worth $104,000 in 1963 with a reproduction cost of $170,000. William Franzen, a qualified appraiser testified for defendant that in his opinion the full fair cash market value of tract I was $173,500.

As to tract II the property was assessed by the assessor at $48,330 and reduced by the board of review after hearing to $34,500. Defendant's only qualified expert, Franzen, was of the opinion that the fair cash market value of tract II was $43,000. Deputy assessor Wood testified that the reproduction cost of the building on tract II was $110,000 and the fair cash market value was $57,000.

The trial court, after hearing, sustained the defendant's objections on the ground of constructive fraud, found that the assessed value of tract I should be $106,110, and should be $28,700 for tract II, and ordered tax refunds of $137.03 on tract I and $192.91 on tract II.

In summary the difference of opinion as to assessed value and full value are as follows:

*Tract I*

|  | Assessed Value | Appraised Value |
| --- | --- | --- |
| Board of Review | $110,230 | $183,700 |
| Trial Court | 106,110 | 177,000 |
| Defendant's Appraiser | 104,100 | 173,500 |

*Tract II*

|  | Assessed Value | Appraised Value |
| --- | --- | --- |
| Board of Review | $ 34,500 | $ 57,500 |
| Trial Court | 28,700 | 47,800 |
| Defendant's Appraiser | 25,800 | 43,000 |

The collector's theory is that the court cannot be an assessing officer; that the objectors did not prove actual or constructive fraud by clear and convincing evidence; that

the assessed value of property may not be impeached merely because of a difference of opinion as to value between the assessing officer and the court; and that an assessment is not fraudulent merely because it is excessive, if the assessor has acted from proper motives.

The defendant taxpayer argues that the evidence was sufficient to sustain the finding of constructive fraud, and to deny a taxpayer judicial review of his assessment deprives him of due process of law.

We have consistently held that the taxation of property is a legislative rather than a judicial function, and under section 1 of article IX of the Illinois constitution, the courts, in the absence of fraud, have no power to review or determine the value of property fixed for purposes of taxation by the appropriate elected or appointed administrative officers. *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477; *People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.* 8 Ill.2d 66; *People ex rel. Tedrick* v. *Allied Oil Corporation,* 388 Ill. 219; *Spencer & Gardner* v. *People,* 68 Ill. 510.

We know of no authority, and none has been cited to us, which suggests that it is a deprivation of due process to attribute such finality to administrative determination of assessments where there is a clear method for the taxpayer to attack an assessment on the basis of actual or constructive fraud. *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477, 479; *People ex rel. Rhodes* v. *Turk,* 391 Ill. 424.

We are also unconvinced by the taxpayer's argument that the ordinary taxpayer is discriminated against in favor of railroads. While review of the Department of Revenue's administrative assessment of railroad property is subject to the provisions of the Administrative Review Act, (*People ex rel. Chicago and North Western Railway Co.* v. *Hulman,* 31 Ill.2d 166,) the scope of the inquiry available to the railroad is no greater than that available to other taxpayers in a hearing on objections. In both situations we believe that

the taxpayer is limited to a judicial inquiry as to whether the assessment is actually or constructively fraudulent.

We must next consider if the facts in the record support the finding of the trial court that the assessments were constructively fraudulent. There is no evidence that the actions of the assessor and board of review were based upon improper motives or procedures or that they were discriminatory. As to tract I the board of review based their assessment on 60% of a cash market value of $183,700, while the taxpayer's appraiser gave an opinion of value of $173,500 making a difference of 5.5%. Even defendant's appraiser recognized the possibility of a 5% difference of opinion between qualified appraisers. The difference of opinion as to tract I clearly is insufficient to justify the action of the trial court in substituting its judgment for that of the administrative authority regardless of the scope of review.

The disparity between the assessment of tract II by the board of review and the opinion of the taxpayer's appraiser is approximately 25%. The testimony of the deputy assessor shows that he followed approved techniques in the appraisal of the property, although the appraisal by the taxpayer's witness may be conceded to be more thorough. It may well be that the record as to tract II would justify a trier of fact in finding that this tract was overvalued, but the trial court does not act as a super board of review. The court must presume, in the absence of contrary evidence, that the assessing officers performed their duty, and the court will not set aside an assessment merely because of a difference of opinion as to value. *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477, 479; *People ex rel. Paschen* v. *Hendrickson Pontiac, Inc.* 12 Ill.2d 477.

The taxpayer also argues that the assessing authorities improperly set assessments at 60% of fair market value although the Department of Revenue would permit Winnebago County to have a factor of 1 if property was assessed at 50% of fair market value. However, it appears to be

conceded that all property in Winnebago County is uniformly assessed on a 60% basis. Since the standard is uniform this taxpayer has no right to attack this administrative determination. Indeed, to afford this taxpayer a judicial reduction of his assessment on the basis of a 50% assessment would create a special privilege rather than eliminate discrimination.

There is no evidence in this record of actual fraud or malfeasance, nor is there evidence that the assessment was made in disregard of recognized elements of value, or in violation of any accepted standards or regulations. The most that can be said is that the record discloses an honest difference of opinion between one appraiser and the assessing authorities. This is made evident by the compromise judgment of the trial court.

We adhere to our previous decisions relating to the scope of judicial inquiry in assessment matters and accordingly hold that there is no evidence sufficient to support the trial court's finding of constructive fraud.

The taxpayer urges this court to define the concept of constructive fraud on the basis of a grossly excessive assessment. Unfortunately this concept, as other legal concepts, is not susceptible to precise definition. Our system of jurisprudence requires that these inexact criteria be dealt with on a case-to-case basis. It is fundamental, however, that it is not the function of the judiciary to act as a super board of review, but only to protect the public from fraudulent discriminatory taxation and clear abuse of administrative authority. We can only say that the record in this case, showing no discrimination or failure to honestly perform administrative functions, does not justify judicial interference with the proper assessing authorities.

The judgment of the trial court is therefore reversed and the cause remanded with directions to overrule the taxpayer's objections.

*Reversed and remanded, with directions.*