EDWARD HENKHAUS *et al.*, Plaintiffs-Appellants, *v.* JAMES BARTON *et al.*,
Defendants-Appellees.

Fifth District   No. 76-448.

Opinion filed December 30, 1977.—Rehearing denied February 9, 1978.

D. A. McGrady, of McGrady & McGrady, of Gillespie, for appellants.

Donald L. Smith, Assistant State's Attorney, of Alton (Al J. Pranaitis, of counsel), for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs appeal the trial court's granting of defendants' motion to dismiss. The issue is the sufficiency of the complaint to state a cause of action in a declaratory judgment case.

Plaintiffs filed a complaint for declaratory judgment, temporary restraining order, injunction and other relief as a class action in December of 1975. The suit was "on behalf of all individual John Doe plaintiff [*sic*] who are owners of real estate in Alhambra Township" and "whose property and tax liabilities were affected" by the allegedly "wrongful acts of the Board of Review and the Supervisor of Assessments of Madison County." After a hearing, the trial court granted defendants' motion to dismiss, arguing that the suit was not a proper class action and that the amended complaint failed to allege a sufficient legal or factual basis for recovery. On April 27, 1976, the court entered its written findings and order dismissing the complaint and granting plaintiffs 10 days to file amended pleadings. A second amended complaint was filed by the plaintiffs. Defendants again filed a motion to dismiss, contending that the second amended complaint failed to state a proper class action and failed to allege facts sufficient to state a cause of action. A hearing was held and the court granted various parts of the defendants' motion to dismiss, denied others, and granted plaintiffs 10 days to amend portions of the complaint taken under advisement and 10 days to file a memorandum with respect to the motion to dismiss. Plaintiffs failed to file any further amended pleadings. The court entered written findings and an order dismissing and terminating the cause pursuant to section 45(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45(4)). Plaintiffs filed a notice of appeal in August of 1976.

Plaintiffs' notice of appeal states that the appeal is taken from "all orders set out by the trial court." Plaintiffs' brief states that appeal is taken from the "orders entered April 27, 1976, July 15, 1976, and the amended order of July 21; 1976." The order of April 27, 1976, dismissed plaintiffs' first amended complaint requesting "Declaratory Judgment, Temporary Restraining Order, Injunction and Other Relief * * * on behalf of" certain named individuals and others identified as "owners of real estate in * * * Madison County, Illinois" whose taxes were affected by

"wrongful acts of the Board of Review and the Supervisor of Assessments of Madison County, Illinois." Plaintiffs were given leave to amend. Their original complaint, requesting the same relief, had been previously dismissed.

Plaintiffs then filed a "Second Amended Complaint" which was dismissed and the cause terminated by the order of July 15, 1976, pursuant to section 45(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45(4)). The amendment to the order, entered July 21, 1976, made no substantive changes but simply corrected "an error * * * in the language of Paragraph 5" of the July 15 order. It is the correctness of this order to which plaintiffs are limited on this appeal. By the filing of the second amended complaint plaintiffs have waived the right to attack the dismissal of the earlier filed complaints. (*People ex rel. Valentine v. Biggs,* 312 Ill. App. 199, 38 N.E.2d 366; *Fishel v. Givens,* 47 Ill. App. 3d 512, 362 N.E.2d 97.) An appeal from dismissal of a complaint for failure to state a cause of action preserves for review only the question of the legal sufficiency of the complaint. *Sorrentino v. Waco Scaffolding & Shoring Co.,* 44 Ill. App. 3d 1055, 358 N.E.2d 1244; *Richards v. Leimbacher,* 131 Ill. App. 2d 775, 267 N.E.2d 523.

Pursuant to a motion by the defendant, this court dismissed the appeal for failure to include in the record the judgment order entered by the trial court dismissing the second amended complaint. Plaintiffs' motion for leave to amend the record and reinstate the appeal was granted by this court, but required plaintiffs to file a "proper and comprehensible" brief. The refiled appellate brief raises two issues: (1) "What are a property-owner-taxpayer's rights and particularly does a property owner have a right of judicial review in relation to the process and methods of assessing and extending taxes upon his property?" and (2) "The action of the defendants is in complete violation of Chapter 120, section 627 of the Illinois Revised Statutes, 1975."

The appellee in this case argues that the brief filed by the plaintiff-appellant is improper and the appeal should be dismissed. He contends that the appellants' brief is merely a duplicate of the original brief which this court ordered rewritten so as to be comprehensible, and that the appellant fails to discuss the sufficiency of the second amended complaint which is the only issue on appeal.

Illinois practice requires that a complaint contain allegations of the facts upon which the cause of action is claimed to be based. A complaint may not rest upon conclusions of fact unsupported by allegations of specific facts from which such conclusions may be drawn. (*Haas v. Mid-America Fire & Marine Insurance Co.,* 35 Ill. App. 3d 993, 343 N.E.2d 36, *Kniznik v. Quick,* 130 Ill. App. 2d 273, 264 N.E.2d 707; *Washington v. Courtesy Motor Sales, Inc.,* 48 Ill. App. 2d 380, 199 N.E.2d

263; *People ex rel. Hannawell v. Dimmick*, 35 Ill. App. 2d 10, 181 N.E.2d 825.) Further, it has long been the rule in Illinois that one seeking judicial relief on the issue of tax assessment, as here, may obtain that relief only if the assessment was made through fraud or constructive fraud. (*La Salle National Bank v. County of Cook*, 57 Ill. 2d 318, 312 N.E.2d 252; *White v. Board of Appeals*, 45 Ill. 2d 378, 259 N.E.2d 51; *People ex rel. Nordlund v. S. B. A. Co.*, 34 Ill. 2d 373, 215 N.E.2d 233; *People ex rel. Nordlund v. Lans*, 31 Ill. 2d 477, 202 N.E.2d 543; *M. F. M. Corp. v. Cullerton*, 16 Ill. App. 3d 681, 306 N.E.2d 505.) In order to state a cause of action based upon actual or constructive fraud in the assessment of taxes, the complaint must set forth such facts as would constitute such fraud, or the complaint must be dismissed. *People ex rel. Callahan v. Gulf, Mobile & Ohio R.R. Co.*, 8 Ill. 2d 66, 132 N.E.2d 544; *Tuttle v. Bell*, 377 Ill. 510, 37 N.E.2d 180, *cert. denied*, 315 U.S. 815, 86 L. Ed. 2d 1213, 62 S. Ct. 801; *People ex rel. Parker v. Board of Appeals*, 367 Ill. 559, 12 N.E.2d 666; *Sanitary District v. Gifford*, 257 Ill. 424, 100 N.E. 953, 32 Ill. L. & Prac., *Revenue* §288 (1957).

■■ From a reading of the cases we extract the following rules of law as applicable in the instant case. First, we must recognize the presumption that the assessing officials have honestly and properly performed their duty. (*People ex rel. Nordlund v. S. B. A. Co.*) and that the assessment and levy of taxes is presumed to be valid. (*People ex rel. Kramer v. Chicago, Burlington & Quincy R.R. Co.*, 8 Ill. 2d 382, 134 N.E.2d 335.) Second, overvaluation of property by the taxing authorities, standing alone and without more, is not sufficient to establish either actual or constructive fraud. (*People ex rel. Callahan v. Gulf, Mobile & Ohio R.R. Co.; People ex rel. Munson v. Morningside Heights, Inc.*, 45 Ill. 2d 338, 259 N.E.2d 27.) Differences of opinion as to the proper valuation of property, whether between the property owners and the assessing official or the official and the courts will not serve to constitute fraud. (*Sanitary District v. Gifford.*) Allegations in the complaint stating in general terms that the actions of the taxing authorities were fraudulent, illegal, or wrongful, in the absence of any allegations of specific facts from which such fraud might be perceived will not avail a complainant. (*People ex rel. Callahan v. Gulf, Mobile & Ohio R.R. Co.; People ex rel. Parker v. Board of Appeals; Sanitary District v. Gifford.*) The instant complaint contains no factual allegations to support a charge of actual or constructive fraud. The complaint simply states and then repeats the allegations that the acts of the Board of Review and the Supervisor of Assessments are "fraudulent," "wrongful," "illegal," "unauthorized," "erroneous," "based upon unreliable data and statistics," "excessive," "confiscatory," "arbitrary," "oppressive," "based upon improper sales ratio," "unequal," "nonuniform," "discriminatory," and "contrary to

legislative intent." These allegations, without specific facts pleaded, fall within the category of general allegations of overvaluation and mere difference of opinion concerning the proper assessment figures.

■■ Further, "market value" is the general standard used in determining the value of real property in the assessment of taxes. (*Consolidation Coal Co. v. Property Tax Appeal Board*, 29 Ill. App. 3d 465, 331 N.E.2d 122.) Market value or some indicator of true assessable value is necessary where allegations of fraud in the assessment of property is before the court. (*People ex rel. Parker v. Board of Appeals.*) The instant complaint contains no indication of market value or any other indicator of what the proper assessable value of the properties might be.

■■ Plaintiffs argue that the complaint is clearly sufficient in that it contains allegations that the taxing authorities were acting contrary to "HB0990" which amended the Revenue Act (Ill. Rev. Stat. 1975, ch. 120) to require that property be assessed at 33 1/3% of fair cash value and that if assessment changes were necessary that they take place in increments of one-third in 1975, 1976 and 1977. However, the complaint contains no allegations of facts concerning what might be the fair cash value of the properties which they claim were overassessed. Plaintiffs assert that it would be possible to infer from certain "factual examples" provided in the first amended complaint as to the difference between assessments for 1975 made by the assessment official and then "illegally revised" by the supervisor of assessment to a higher figure, that the gradual transition period required by the statute was not being followed. However, plaintiffs by this argument fail to recognize that their second amended complaint is the only one before this court. (*People ex rel. Valentine v. Biggs; Fishel v. Givens.*) The factual examples referred to are not contained in the second amended complaint. However, even if such examples were present in the complaint, it is the rule that a complaint which fails to allege facts, the existence of which are necessary to enable plaintiffs to recover such deficiency cannot be cured by a liberal construction or by argument. *Gagne v. Village of LaGrange*, 36 Ill. App. 3d 864, 345 N.E.2d 108; *Belmar Drive-In Theatre Co. v. Illinois State Toll Highway Com.*, 34 Ill. 2d 544, 216 N.E.2d 788.

■■ While not briefed by either party, there is also some question as to the propriety of a declaratory judgment in this case. It has been stated that although the Declaratory Judgment Act is broad enough to authorize the entry of a declaratory judgment in tax cases, courts should proceed cautiously in such cases (*People ex rel. Hamer v. Jones*, 39 Ill. 2d 360, 235 N.E.2d 589), so that where there is another plain, adequate, and complete remedy available, the statute cannot be invoked. (*Goodyear Tire & Rubber Co. v. Tierney*, 411 Ill. 421, 104 N.E.2d 222, *cert. denied*, 344 U.S.

825, 97 L. Ed. 642, 73 S. Ct. 24.) Since plaintiffs aver that no other adequate remedy is available, the defendants do not dispute this, it does seem that this action was properly before the court.

Affirmed.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.